Judge Owsi.ei
delivered the opinion.
This was an ejectment brought by Sanders in the circuit court, for {he purpose, of recovering a tract of Ja»d in the county of Scoit, which was in the possession of Azariah Roberts and Tolliver Robinson
The declaration was served upon Roberts and Robinson; and, by an order of court, they were admitted defendants in the place of the casual ejector, and on the motion of Ruwleigb Colston and Charles Morgan, an order was also made, admitting them to defend for, and with the tenants in possession; and thereupon the defendants entered into the consent rule, and pleaded the general issue.
Under the instructions of the court, the jury found a verdict for Sanders; and judgment being rendered thereon, in his favor, the defendants appealed to this court.
The only questions raised for the decision of this court, *29 grow oül of the instructions given by the circuit court to tbeji'iv.
⅞an entry madeona OttrVPV kiiIi ⅛ tore patent i.sus there- *■'« P03-thfeS extent⅛ the lands, & the limitation not confined io the date of Pa(ent‘
It, appears that as early as 1781, there issued from the commonwealth of Virginia to Jof n Dormel and Charles Morgan, a pateé) for 8385 ⅜ acres of land, w hich was .proven (■'.> the trial to include tin-land now in contest And* in 1788. (here also issued from tbo said commonwealth, to John Chiffin, a patent for 7000 acres, which was likewise proven to melado the land in contest It was also proven, tioii >ome time afier the dale of those patents, a certain Ri.btrl Sanders entered thereon-, not Under either of patti is. but claiming under a. survev made for himself, S C e Hi virtue of w hich survey, a patent subsequently issued to -hire hut within less than twenty years before the com t»f rcement of the ejectment The possession so taken Roberí Sanders, was. proves to have been held by him to bis death, and since then, Sanders, the present plaintiff in the ejectment, claiming under him, continued the posses sion by himself and tenants until ISl 8, making a continued adverse possession t@ both of .the patents aforesaid, for upWards of twenty years. That after having so continued the possession, and whilst it was still held by a tenant Sanders, an ejectment was commenced in the circuit court of the United States for the district of Kentucky, in favor of liaukigh Colston, and notice thereof served upon the tenant in possession; but without am defence being made, and for aught that appears or> the present record, without any notice being given to Sanders, the landlord, or his having anyjknowledge of the ejectment having been brought, judgtíté'ü'l W3s rendered against the casual ejector by default, and in virtue of a writ of haberi facias pogsessionem, which issued thereon, the tenant of Sanders was turned out of possession, arid the possession delivered to Colston; and from that time to the present the possession has continued in Colston, and those claiming under him.. All of the patents aforesaid, together with the record of the ejectment in the circuit court of the United States’, were given in evidence, and the evidence being closed cn both sides, the court instructed the jury, that although the patent of Sanders did not issue twenty years before the possession was obtained by Colston under the judgment in bis favor, jet if they should believe, from the evidence, that those under whom Sanders claims, originally entered, claiming to the boundaries, or demarkations of the boundaries of San- *30 <]ers* survey, and continued to ciaira and hold the possessi&Bs Ibereo! for twenty years before the commence nttii of Col-ston’s ejectment, the possession so gained and continued was sufficient to authorise Zanders to recover,notwithstanding the recoven by Colston in the ejectment, and notwithstanding the patent of Griffin, and that of Morgan and Donnel.
An elder l»»tentee, ac-PfS’ premisses so held, but af-fcr liis right tolled^Ts Tia-ble o an e-jfectmeDt on ion XT38-than 20years m tbe junior patentee
Assuming the existence of those facts, upon which the instructions of the court were hypothecated, no plausible. objection can be perceived against Sanders’ right toreeover. Upon that supposition, Sanders, and those through w^,om be claims, must be admitted to have held a continue^ adverse possession of the land in contest for more than twenty years, under color of title; and it is well settled, t}lat such a possession not only lolls or bars any right of en-lrJ w^'c^ others, laboring under no disability, may have had in the land whilst il was so possessed, but that it moreover confers, upon the person possessed, a perfect right of en,rJ' create such a possession, it was not necessary, as seems to be supposed by the counsel for the appellants, that Sanders should either have had a patent for the land when the possession was first taken, or that there should have been a continued possession for twenty years after his patent issued. Without a patent Sanders may, by his entry, have ousted the patentees, Donnel and Morgan, to whom the commonwealth had previously granted the land, and by continuing the possession so gained by his entry, claiming title to the boundaries of his survey, the patentees, Morgan and Donnel, could not, after the expiration of twenty years, have legally entered upon the land; and any possession, which destroys the right of others, of necessity confers that right upon the possessor.
If, therefore, we are correct in supposing Sanders, by his. possession gained a right of entry in the land, it follows that he cannot he prevented from recovering by reason of-any thing contained, either in the patent to Donnel and Morgan, or that to Griffin, or by the recovery of Colston in the circuit court of the United States. If Morgan had not been admitted to defend, it is perfectly clear that the patent to him and Donne! could not have been an availing defence for the other defendants; for it could (hen have-been used barely as an outstanding title in them, and we have already seen that it is not a subsisting title. Nor do we suppose the circumstance of Morgan being a defendant, *31 ⅛8»1 change the case. He is not shewn to have ever been in |Kjss> ssion of the land; nor does there appear to exist a»v privity between him and those in possession. His patent, therefore, cannot be viewed as conferring upon him more than a naked title of entry, and that was destroyed by the possession of Sanders. And with respect to the patent of Gnffin, it is impossible to perceiv# any bearing it can have against Sanders; for there wasjsot only an adverse possession for twenty years against it. as well as that of Donnel and Morgan, hut it appears, moreover, to have issued subsequent to theirs
Haggin for appellant.
Vor can we perceive auy effect which the recovery of Colston can have in the present contest. Sanders was no party to that suit; and there is no evidence in this cause conducing to prove title in Colston. The record of 'hat case is competent, to prove the manner Colston obtained possession of the land, but it is clearly inadmissible to disprove Sanders’ right of entrv.
The judgment must be affirmed with costs;