CASE 64—PETITION ORDINARY—SEPTEMBER 22.

# Farmer v. Lyons.

APPEAL FROM LARUE CIRCUIT COURT.

TRESPASS—ADVERSE POSSESSION.—Where one has been in possession of land, although without title, claiming and using it as his own to a well defined marked boundary, continually for fifteen years before the

commission of a trespass within his boundary, he may maintain an action therefor, whether the trespass was committed outside or within his inclosure.

D. H. SMITH for appellant.

1. The court erred in giving a peremptory instruction to find for defendant.
2. The plaintiff would have been entitled to recover even if he had shown no title, as the action of trespass may be maintained by one having possession merely.
3. The court erred in refusing to permit plaintiff to answer questions, the answers to which would have explained the character and duration of his ownership and possession.

I. W. TWYMAN for appellee.

No brief in record.

CHIEF JUSTICE LEWIS delivered the opinion of the court.

This is an action by appellant to recover of appellee for trespass by entering upon and cutting and carrying timber from a tract of land which, as alleged in the petition, he was the owner and in possession of.

Appellee, not denying he cut and carried off the timber, states in his answer that he and those under whom he claims had, at the time of the alleged trespass, been in the actual possession of the land described in the petition, claiming to a well defined boundary, for more than fifteen years, and that he had for more than eighteen months so held and claimed it under a deed.

Upon the trial appellant testified as a witness he was the owner of the land, and had been in possession of it since 1861. And being asked if he claimed to a well-defined boundary, would, as was avowed, have answered that the boundary was marked, that he had lived upon the land, claiming to such bound-

ary, exercised acts of ownership over it by cutting
and using timber, and had part of it inclosed since
1861.　But objection to the question was sustained,
and not permitted answered.　The court also refused
to permit him to answer that he had the land sur-
veyed in 1862, and had the field notes of such survey,
or to state the value of the timber cut.　And no fur-
ther testimony being offered, the jury, under a peremp-
tory instruction, returned a verdict for the defendant.

As the act of cutting and carrying away the timber
was not denied by the defendant, and the deed relied
on in his answer is not alone sufficient to support a
plea of *liberum tenementum*, the ruling of the lower
court must have been made upon the assumption that
a party without paper title can not maintain an action
for trespass to land committed outside his inclosure,
however long, notorious and definite may have been
his possession and claim of ownership.

The case of Campbell v. Thomas, 9 B. M., 82, was
an action of ejectment by the latter against the former.
The defendant and those under whom he claimed, in
1816 entered and settled upon a tract of land, *with-
out title*, but claiming to the marked boundary, and
so continued to hold until the action was commenced.
The land was surveyed previous to the settlement and
in the same year, but the survey was private and un-
official.　The original settler under whom Campbell
claimed made his entry and settlement with a view
of obtaining from the Commonwealth a valid title to
the land embraced by the survey and marked bound-
ary, but never obtained it.　In 1823, Thomas procured
a patent for a tract of land which covered about twen-

ty-four acres of that included in Campbell's survey. Thomas, in 1825, entered upon, his patent boundary, but outside the interference, and continued to reside on the land, claiming to his patent boundary. No improvement was made by either party upon the interference, nor was any portion of it inclosed until shortly before the commencement of the action by Thomas in 1846.

The question involved and decided in that case was as to the extent of Campbell's possession in 1823, when Thomas obtained his patent. And in reference thereto this court used the following language: "The land was vacant in 1816, when originally settled on by the person under whom the defendant claims. Having surveyed and laid off one hundred and seventy acres and entered and settled upon it, with the intention of taking possession of the whole, he gained, according to the repeated adjudications of this court in similar cases, when the entry was made under color of title, a possession to the extent of his marked boundary." And in support of that decision, Thomas v. Harrow, &c., 4 Bibb, 564; Taylor v. Buckner, 2 Mar., 19; Roberts v. Sanders, 3 Mar., 30; and Brooks v. Clay, *Ibid.*, 548, are cited.

It was then decided that while possession of vacant and unappropriated land is held in complete subordination to the title of the Commonwealth, it was taken in that instance under the encouragement given by legislation regulating the settlement and occupation of vacant lands, and, consequently, there was "no good reason why a possession taken under such circumstances should not, in ascertaining its extent, be gov-

erned by the rules which have been applied to other cases, where a possession had been taken without title, and such possession was held to extend to the ascertained limits of the claim."

But as said by the court, inasmuch as the settler did not comply with the requisition of the Legislature, he acquired no pre-emptive right by his settlement, and the land was subject to appropriation by other parties at the time Thomas obtained his patent, and the title of the latter was not affected by the previous possession. It was, however, decided that as Campbell claimed the land as his own, his possession, according to the doctrine uniformly held by this court, became adverse to Thomas so soon as he obtained his patent, and having permitted such adverse possession to continue for twenty (15) years without entry or suit to divest, it formed a complete bar to his possessory right. And as the entry of Thomas, in 1825, was outside the interference, and not in Campbell's possession, it did not oust the occupant or invest the patentee with possession of the land in controversy.

It does not appear whether the land was or was not vacant and unappropriated at the time the person under whom appellant claims entered and had it surveyed and marked, nor do we think, according to the principle laid down in Campbell v. Thomas, it makes any difference. If it was vacant, the person under whom appellant claims had the right to enter and hold to the extent of his survey and marked boundary, looking to the Commonwealth for a title upon the terms prescribed by statute. If it was not vacant, the occupant might, nevertheless, have, by entering and marking a

boundary, acquired possession to the extent of such boundary, good at the end of fifteen years at least, against one having no right to enter. And moreover, as decided in Campbell v. Thomas, such possession, accompanied with a claim of ownership, would be adverse to even one having title derived from the Commonwealth, and at the end of that period form a complete bar to his possessory right to any part of the land within such marked boundary. For it was there held that, although the settler, Campbell, did not comply with the requisitions of the statute, and acquired no pre-emptive right by his settlement, and the title to the disputed land became rightfully invested by the Commonwealth in Thomas, still the entry by him under his patent did not to any extent oust Campbell of the possession already acquired when the patent was issued, although it included a part of the land covered by the patent, and outside Campbell's inclosure.

It being thus decided, we think correctly, that a possession without title may exist, which, if continued fifteen years, will bar a recovery in ejectment of any part of the land within a marked boundary, by even one having title derived from the Commonwealth, we see no reason why such a possession should not be held effectual to support an action for trespass committed within the boundary, whether outside or within the inclosure. In our opinion if appellant had openly held possession of the land in dispute, claiming and using it as his own, to a well defined marked boundary, continuously for fifteen years before the alleged trespass, he was entitled to recover. And as the evidence rejected by the court conduced to establish his right

and was relevant, it ought to have been permitted to go to the jury.

The judgment must be reversed, and cause remanded for a new trial consistent with this opinion.