## Fuller v. Mullins. et al.

(Decided May 16, 1911)

### Appeal from Pike Circuit Court.

1. Land—Ownership—Answer Alleging Ownership—Good After Verdict—An answer not traversing the allegations of the petition that the plaintiff is the owner of the tract of land sued for,

but alleging that the defendant is the owner of a portion of the tract specifically described in the answer, is good at least after verdict.

2. Pleading—Variance—Materiality—It is not a material variance that a part of the land described in the defendant's answer lay outside of the plaintiff's boundary.

3. Adverse Possession—Marked Boundary—Possession—The person in possession of land adversely without color of title claiming to be a well defined and marked boundary, there being no entry under the senior patent, is in possession to the extent of his marked boundary, and not confined to his close.

JAMES M. ROBERSON, BUTLER & MOORE and F. W. STOWERS for appellant.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Ira C. Fuller brought this suit against Eli Mullins and Sol Potter alleging in his petition that he was the owner and entitled to the possession of a tract of land in Pike County containing 475 acres, the metes and bounds of which were set out; that each of the defendants held, and for five years past had held a part of the land, keeping him out of the possession of it to his damage in the sum of $100. The defendants filed an answer in which they alleged that they each owned a tract of land, the metes and bounds of which were set out in the answer; that the land so owned by them was included in the boundaries set out in the plaintiff's petition; that they had title to this land from the Commonwealth and that they and those under whom they claimed had been in adverse possession of it to a well marked boundary, claiming it against all the world notoriously and continuously for more than 15 years before the suit was brought. They denied that they wrongfully held this land or had wrongfully kept the plaintiff out of the possession of it, or had damaged him in any way. On a trial of the action there was a verdict for the defendants. The plaintiff thereupon entered a motion for a judgment notwithstanding the verdict. The court overruled his motion and entered judgment for the defendants. The plaintiff then entered a motion for new trial, and this having been overruled, he appeals.

It is earnestly insisted that as the defendants did not traverse the allegation of the petition that the plain-

tiff was the owner of the 475 acre tract therein described, but simply alleged that they were the owners of the smaller tracts claimed by them which were included in it, the plaintiff was entitled to judgment upon the pleadings. There was no demurrer to the answer. The plaintiff did not aver in his petition that the defendants had taken possession of his whole tract, or were claiming his whole tract; he only averred that they had taken possession of a part of it, and they by their answer set up definitely what land they claimed, and alleged that they were the owners of the tract so described. The allegation that they were the owners of the tracts described in their answer, was an affirmative denial that the plaintiff was the owner of these tracts, and was good at least after verdict, the case having been tried upon the merits and question of ownership of the land in dispute having been in fact submitted to the jury and passed on by them. (Hill v. Ragland, 114 Ky., 209.) It is not material that it turned out on a survey that a part of the boundary set out in the defendant's answer lay outside of the boundary claimed in the petition. The thing in controversy was that part of the 475 acres which the defendant held. The matter in controversy was clearly defined by the survey made before the trial, and the plaintiff was in no manner affected by the variance. Section 129 of the Civil Code is as follows:

"No variance between pleadings and proof is material, which does not mislead a party, to his prejudice, in maintaining his action or defense upon the merits. A party who claims to have been so mislead must show that fact to the satisfaction of the court; and thereupon the court may order the pleading to be amended, upon such terms as may be just." (See Chicago, &c., R. R. Co. v. Wilson, 25 R., 525; Covington v. Miles, 26 R., 609; Hearst v. Williams, 31 R., 658.)

The plaintiff claimed the land under a patent issued by the Commonwealth in the year 1871 to Corley Smith & Company for 4,143 acres. There were within the boundaries of this patent, two older surveys, each for 100 acres, one patented to Andrew Potter on April 17, 1856, the other patented to Moses Ramey, June 13, 1866. The proof for the defendants showed that Andrew Potter and James Mullins settled on the land previous to the year 1870. There was a considerable strip of land between the two older patents referred to, and they then

marked a dividing line dividing this land between them. They surveyed the land, but never carried their survey into grant, and the surveys were not official. According to the proof for the plaintiff their houses were on the older grants; but according to the proof for them their houses were outside of the older grants. But they, soon after their settlements, each cleared over the line and held and used 35 or 40 acres of the land now in dispute in actual cultivation, there being no entry under the patent of Smith Corley & Co. They planted out fruit trees upon it and they have so held this land for 25 or 30 years before suit was brought. The defendants are the sons of Andrew Potter and James Mullins, holding the land by deeds from them. On this evidence the plaintiff asked the court to instruct the jury that Fuller was the owner of the land described in his petition outside of the surveys of Andrew Potter and Moses Ramey except such land as had been actually inclosed, and claimed by the defendant, or either of them, and those under whom they claimed for a period of 15 years before the bringing of this suit. The court refused the instruction and of this the plaintiff complains.

It is insisted for the plaintiff that Andrew Potter and James Mullins had no color of title to any land outside of the two older surveys; that they in fact settled within these surveys, and that they had no possession of any land outside of them, except such as they actually cleared or inclosed. We are referred to a number of authorities in other States sustaining the rule as maintained by the plaintiff's counsel, and there are some earlier opinions of this court to the same effect, but where there has been no entry under the patent for many years the rule has been declared otherwise in a long series of opinions which can not now be departed from under the rule of stare decisis. (Campbell v. Thomas, 9 Ben Mon., 82; Farmer v. Lyons, 87 Ky., 421; Pollock v. M. & B. S. R. R. Co., 103 Ky., 93; Young v. Cox, 12 R., 348; Coppage v. Griffith, 19 R., 461; Shields v. Heard, 21 R., 994; Altemus, Assignee v. Potter, 24 R., 796; Goff v. Lowe, 25 R., 2176.) The rule so declared has become a rule of property in the State. Titles have been acquired upon the faith of it and great injustice would be done if it were now relaxed. There was abundant evidence to show that the defendants and those under whom they claimed had been in the adverse possession of the land

in dispute claiming it notoriously and openly continuous-ly for more than 15 years to a well defined and plainly marked boundary.  Their evidence showed their settle-ment to be on it.  They had a large part of the land cleared and in use and the remainder of it they held and used as such land is usually used by farmers, holding timber land adjoining their clearings.  It is true there was some evidence for the plaintiff that the boundary was not marked, but this was a question for the jury under all the evidence.  On the whole case we conclude that the plaintiff had a fair trial on the merits.  This conclusion makes it unnecessary for us to consider or pass on the questions raised by counsel for appellee.

Judgment affirmed.