## LeMoyne, et al. v. Litton.

(Decided June 19, 1914.)

### Appeal from Whitley Circuit Court.

1. Adverse Possession—Operation and Effect—Extent of Possession. A trespasser entering, without color of title, upon the lands of another, when the true owner is not in the actual possession thereof, may extend an actual occupancy of a portion of such land by establishing well-marked lines around the remainder thereof.

2. Champerty and Maintenance—Grants of Land Held Adversely.— The operation of the statute against champerty extends to all the land within well-marked lines established by a trespasser who enters without color of title upon the lands of another when the true owner is not in the actual possession thereof, and supplements his actual occupancy of a portion of such land by a well-marked line around the remainder thereof.

3. Adverse Possession—Pleading—Evidence—Trial and Review— Admissibility of Evidence.—A certificate of a survey, which was never carried into grant, and was transferred by parol by successive claimants of land by adverse holding, is admissible to show the extent of the possession claimed.

4. Adverse Possession—Pleading—Evidence—Trial and Review— Questions for Jury.—Where plaintiff in ejectment claims under a blanket patent and introduces evidence that the land in controversy is within the exterior lines and without the exclusions mentioned in the patent, sufficient to shift the burden, and such evidence is uncontradicted, the court should not submit to the jury the question of plaintiff's title.

HENRY C. GILLIS for appellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

John V. LeMoyne and others sued William M. Litton in the Whitley Circuit Court to recover the possession of a tract of land comprising about one hundred acres. There was a verdict and judgment for the defendant, and the plaintiffs appeal.

In 1889, one John R. Cordell obtained a land warrant and caused to be made a survey of the land here in controversy, by the county surveyor of Whitley County; but this survey was never carried into grant. The land was already patented to O'Bannon and others by a blanket patent, under which the plaintiffs claim

Cordell transferred the certificate of survey and his possession of the land to one Strunk. Strunk transferred to Mat Morgan, and Morgan to the defendant, Litton. No deeds were executed; the certificate of survey was merely delivered without written endorsement thereon in these transactions, and possession of the land transferred.

Litton came into the possession of the land in controversy about eighteen years before the institution of this action. He owned and lived on an adjoining farm for several years before he purchased from Morgan, and continued to and still lives thereon. At the time he came into the possession of the land in controversy, there was a house thereon, and about twenty-five acres thereof had been cleared and was under cultivation. Morgan at the time of this transfer was living in the house. Since that time the house has from time to time been let by defendant to tenants, and the cleared land cultivated. The remainder of the tract is woodland, which the defendant has used in a general way as farmers ordinarily use such lands.

1. Appellant first contends that as Litton had no color of title, he should be restricted to his enclosure. The certificate of survey is not color of title. LeMoyne v. Hays, 145 Ky., 415, 140 S. W., 552. But, the rule is that where the true owner is not in actual possession, an adverse claimant may enter without color of title, and extend his actual occupancy by marked lines. LeMoyne v. Meadors, 156 Ky., 832, 162 S. W., 526; Fuller v. Mullins, 143 Ky., 639, 137 S. W., 243; LeMoyne v. Hays, *supra.* The defendant, therefore, could support his claim of ownership of the land in controversy by show-

ing that the extent of his claim was evidenced by well-marked lines.

2.    But, appellant contends that the proof for defendant failed to establish a well-marked or well-defined boundary.   The evidence discloses that the lines around the land in controversy were marked at the time the Cordell survey was made in 1889.   W. M. Trammel testified that he, himself, marked the lines and corners as the surveying progressed.

It was shown by evidence that when the survey was made in this action, all the corners called for in the certificate of the Cordell survey were still standing and marked; and that there were marked line trees on all the lines except one, which passes through cleared ground.

The purpose of marked lines is to give notice to the world that the possession and claim of the occupant is co-extensive therewith.   If the lines are sufficiently marked, that purpose is served.

3.    Appellant further contends that the circuit court erred in permitting the Cordell certificate of survey to be introduced in evidence, and in permitting to go to the jury the testimony in respect to the transfers thereof by parol, through which said certificate came into the possession of the defendant.

However, the certificate of survey and the testimony as to the parol transfers thereof were not essential as an attempt to tack distinct periods of adverse holding; for the defendant came into the possession of the land in controversy eighteen years before the institution of this action.   The only effect the certificate of survey could have had in evidence was to establish the extent of defendant's claim and possession; and we think it was competent for that purpose.   LeMoyne v. Hays, *supra.* Defendant's possession having continued for more than the statutory period, the evidence in question, although admitted without admonition, was not prejudicial to plaintiffs.

4.    It is contended by appellant that the court erred in submitting the question of plaintiffs' title to the jury. Plaintiff claim under the O'Bannon blanket title, which comprises within its exterior lines some forty-four thousand acres, and is said to exclude therefrom some thirty-six thousand acres.   And, in order to prove title under such a patent, plaintiffs were compelled to establish, not only that the land in controversy was within the

exterior lines of the patent, but also without the exclusions.

Plaintiffs introduced evidence tending to establish these facts; and the proof in respect thereof, being sufficient to shift the burden, and being uncontradicted, under the rule in Steele v. Bryant, 132 Ky., 569, 116 S. W., 755, the court should not have submitted this question to the jury. However, the whole fight in this case was on defendant's adverse possession; and the evidence in that respect was amply sufficient to establish title acquired in that manner; and under these circumstances, we do not think that plaintiffs were prejudiced by the instruction complained of.

6. It is also insisted by appellants that the instruction which the court gave on champerty is erroneous for the reason that it failed to limit the operation of the statute to the actual enclosure of the defendant.

In Mayes v. Kenton, 23 R., 1023, 64 S. W., 728, the court said:

"The possession of land which will render champertous and void a conveyance of the land between persons not in possession thereof, must be an actual, adverse possession manifested by some act or fact sufficient to indicate to others that the person claiming to have been possessed, had in fact the possession. There must be some open demonstration of actual occupancy, or at least of intended use, whereby the person bargaining for the land may have some clue for ascertaining that it is in the adverse possession of another." To same effect see Krauth v. Hahn, 139 Ky., 612, 65 S. W., 18; Brown v. White, 153 Ky., 452.

So, as the defendant was in the actual occupancy of a part of the land in controversy and had well-marked lines around the remainder, the operation of the champerty statute would reach the entire tract, whether enclosed or not.

There are some other minor objections raised to the instructions, and while same are open to criticism, as already stated, the real issue was upon the claim of adverse possession, and as the evidence upon that issue was sufficient to support the verdict, we do not think plaintiffs' substantial rights were prejudiced by the defects complained of in the instructions.

Judgment affirmed.