### Tussey, et al. v. Hale, et al.

(Decided October 26, 1915.)

#### Appeal from Floyd Circuit Court.

Ejectment.—In an ejectment suit by one claiming under a patent granting 1,500 acres and containing an exclusion of 1,000 acres,

he must show, in order to recover, that the occupants are in possession of land within the exterior lines and without the exclusion.

C. B. WHEELER for appellants.

SMITH & COMBS and JAMES GOBLE for appellees.

OPINION OF THE COURT BY JUDGE NUNN.—Affirming.

In March, 1843, a patent was issued to one Jonathan Tussey, granting to him a certain boundary of land in Floyd County, said to contain 1,500 acres. The boundary was set forth in detail, but recited "there being 1,000 acres of a prior claim in this survey."

The appellants are the children and heirs-at-law of Jonathan Craig Tussey. They testify that he went by the name of Craig Tussey, but signed his name Jonathan Tussey. They sued in ejectment to recover the land in question, claiming that their father was the patentee, and that he died intestate as the owner of same, and that it descended to them, and that they are now the owners of it. After hearing the evidence in their behalf the court peremptorily instructed the jury to find for the defendants and the plaintiffs appeal. The ruling of the court is justified by the record.

It is clear that the patent was issued to Jonathan Tussey, the grandfather, instead of Jonathan Craig Tussey, the father of appellants. There is nothing in the pleadings or proof to show transfer or descent of the land to Craig Tussey.

While the outside boundary of this survey called for 1,500 acres, yet it recognizes the existence of a prior claim within the boundary amounting to 1,000 acres. Appellants in order to dispossess the appellees must have shown that the appellees were occupying the land within the exterior lines of the Tussey patent and without the exclusion. The proof failed to bring appellants' case within either of these requirements, and particularly is this true with reference to the exclusions.

We see no merit in appellants' contention that the words quoted from the patent do not amount to an exclusion. Madison v. Owens, Litt. Sel. Cas., 281; Kirk v. Williams, 82 Ky., 161; Guthrie v. Lewis, 1 Mon., 142; Lemoyne v. Anderson, 123 Ky., 548, 96 S. W., 843.

The judgment is affirmed.