## Lacy v. Long.

(Decided November 22, 1921.)

### Appeal from Morgan Circuit Court.

1. Trespass to Try Title—Burden of Proof.—In an action of trespass to try title the burden is on the plaintiff claiming title to land under a patent which, like that in this case, incloses an older patent to another, excluded by its terms, to prove that the trespass complained of was committed by the defendant within the boundary of his (the plaintiff's) patent and outside of that of the excluded patent boundary. And this rule also applies in an action of ejectment where the recovery of the land claimed under such patent is the relief directly sought.

2. Trespass to Try Title—Burden of Proof—Peremptory Instruction.—As the appellee (defendant below) wholly failed on the trial of this case in the circuit court to sustain the burden thus imposed by the law, that court should, as requested by the appellant at the conclusion of the appellee's evidence, have given an instruction

peremptorily directing a verdict for him, and, on account of its failure to do so, the judgment is reversed.

McGUIRE & McGUIRE, JOHN B. PHIPPS and S. M. NICKEE for appellant.

GARDNER & REDWINE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

In this action of trespass to try title, brought by the appellee against the appellant in the Morgan circuit court, the trespass complained of was the alleged cutting and appropriation by the latter of timber upon and from a certain tract of land in Morgan county described in the petition, of which the former claims to be the owner. The answer of the appellant denied the alleged trespass, also appellee's ownership of the land upon which the alleged cutting of timber constituting the trespass was done, and alleged ownership thereof in himself. The affirmative matter of the answer was controverted by reply, and the trial resulted in a verdict by nine of the jury in favor of the appellee, allowing her $150.00 damages for the trespass complained of. The court, thereupon, entered judgment declaring appellee to be the owner of the land upon which the cutting of timber was done and awarding her the damages allowed by the verdict of the jury. The appellant duly filed a motion and grounds for a new trial, which motion was overruled, and he has appealed.

The first and chief ground urged for the reversal asked of the judgment appealed from is error of the trial court in refusing a peremptory instruction directing a verdict for the appellant, requested by him at the conclusion of the appellee's evidence, and again after all the evidence had been introduced. In order that this contention may fully be understood it should be stated that the appellee's ownership of the land in question was asserted under a patent for 300 acres from the Commonwealth of Kentucky, issued to one Jesse Barber November 8, 1848. The patent expressly excepts or excludes from the 300 acres of land thereby granted 100 acres embraced within its boundary previously patented to Rueben Cassity. The Barber patent and the several deeds through which the title to the land covered by it was vested in A. G. Bonham, appellee's former husband, together with his will devising it to her, were all introduced by her in evi-

dence, and the several deeds all show, as does the patent, the exclusion of the Cassity patent. The petition does not allege, nor did any of the appellee's evidence conduce to prove, that the timber alleged to have been cut by appellant was without the excluded boundary of 100 acres patented to Cassity. Manifestly, in the absence of such evidence, the appellant was entitled to the directed verdict in his behalf requested by him at the conclusion of appellee's evidence.

We do not find in the record any evidence, subsequently introduced during the trial by either party, furnishing proof of the facts referred to as so indispensably essential to the appellee's right to recover. From the beginning of our state jurisprudence down to the present time the courts have uniformly recognized and adhered to the rule that in an action of trespass to try title the burden is on the plaintiff claiming under a patent which, like that in this case, incloses an older patent to another, excluded by its terms, to prove that the trespass complained of was committed by the defendant within the boundary of his patent and outside of that of the excluded patent boundary. And this rule also applies in an action of ejectment, where the recovery of the land claimed under such patent is the relief directly sought.

The following are but a few of the many cases declaring the rule: Madison's Heirs v. Owens, Littell's Selected Cases (16 Ky.) 281; Hall v. Martin, 89 Ky. 14; Charlario Timber, etc., Co. v. Licking Coal and Lumber Co., 116 S. W. 682; La Moyne v. Anderson, 123 Ky. 584; Miller, etc. v. Breathitt Coal T. & L. Co., 152 Ky. 390; Le Moyne v. Litton, 159 Ky. 652; Fuller v. Kreese, 31 R. 1099.

As it is manifest that the refusal of the peremptory instruction by the trial court constitutes reversible error, it is unnecessary to consider other and less important grounds urged for a reversal. For the reasons indicated the judgment is reversed and cause remanded with directions to the court below to grant appellant a new trial consistent with the opinion.