## Bryant v. Ferrell, et al.

(Decided November 17, 1922.)

### Appeal from McCreary Circuit Court.

Ejectment—Boundaries—Burden of Proof.—In an action of eject-
ment, or similar one to assert title to land and wherein defendant
traverses the allegations of the petition and himself asserts title
to a described tract, the burden is on plaintiff to show that the
land claimed by defendant or some of it lies within his (plain-
tiff's) exterior bounds, and that burden is not discharged by
testimony that some of the land claimed by defendant lies within
the boundaries of plaintiff, since that might be literally true and
yet the amount within plaintiff's boundaries be so infinitesimally
small as not to be entitled to recognition in law.

STEPHENS & STEELY for appellant.

HENRY C. GILLIS for appellees.

Opinion of the Court by Judge Thomas—Affirming.

Appellant, Roberta S. Bryant, filed two actions in the McCreary circuit court against appellees, Lucy Ann Ferrell and her children, who were all the heirs at law of Bailey Sellers, deceased, one of which was an equity action and the other an ordinary one. By the first plaintiff sought to enjoin defendants from trespassing on a tract of land located in that county containing 2,272 acres, a patent for which was granted to Bryson B. Trousdale on June 20, 1840, and by successive conveyances plaintiff became the title holder. The ordinary action alleged that plaintiff was the owner of the land and that defendants were withholding from her a portion of it under a claim of ownership by them. The material averments of each petition were denied by answers and defendants also particularly described a boundary of land containing about four hundred and ten acres, which they claimed to own by more than thirty years' adverse possession. Appropriate pleadings made the issues and the equity action was transferred to the ordinary docket and consolidated with the other one, followed by a trial before a jury, which, under the instructions of the court, returned a verdict for defendants and a judgment was rendered dismissing the petitions, which the court declined to set aside on a motion for a new trial and plaintiff has appealed.

The only two grounds urged on this appeal for reversal are: (1), the insufficiency of defendants' evidence to show the claim of adverse possession by them to a *well marked boundary*, and (2), newly discovered evidence after the trial, which was unknown and could not be produced at the trial by the exercise of ordinary diligence. However, as we view the record, it is not necessary to discuss or determine either of those grounds since, under our interpretation of the evidence introduced by plaintiff, she failed to prove her right to relief in either action. The only witness she introduced was her son, L. E. Bryant, who testified to the granting of the patent to Trousdale and filed it as a part of his testimony, whereupon defendants admitted of record that plaintiff was now the title holder of the land conveyed by the patent. The witness was then asked and answered these questions: "Q. State whether or not the defendants named in this patent (action) have possession of any part of

this tract of land? A. Yes, sir, I think so. Yes, sir, they have possession.'' He then testified that he was a practical surveyor of thirty years experience and that he knew the location of the Trousdale tract ''and the land where they cross the possession of Mrs. Sellers (who subsequently became Mrs. Ferrell) and the small field pointed out to me years ago that Parker Sellers claimed.'' He was then asked and answered: ''Q. Are all those possessions within the Trousdale patent? A. Part of them lie up Alum Creek, it leaves some of them out,'' and this was all he said on the subject. At the close of his testimony defendants moved for a peremptory instruction in their favor which was overruled, whereupon they introduced evidence showing the marked boundary around the land which they claimed, but there was nothing in any of their testimony showing that their boundary encroached upon the Trousdale patent, and at the close of all the testimony the motion by defendants for a peremptory instruction was renewed and again overruled. We think there can be no doubt that the court erred in refusing to sustain that motion when first made and for the same reason committed error in declining to sustain it when it was renewed.

Under the pleadings the burden was on plaintiff to show that the land claimed by defendants was located within the exterior bounds of her patent; otherwise defendants were neither trespassers nor wrongdoers upon or with reference to any of her property. The only proof she offered upon that essential requisite to her recovery was that her son *thought* that some of the land claimed by defendants, or which was in possession of defendants, was within the exterior boundaries of the Trousdale patent, but that the same boundaries *left out some* of defendants' possessions. That testimony might be literally true, and yet the land claimed by defendants and constituting a part of their possessions might be located entirely without the exterior boundaries of the Trousdale patent, except an infinitestimal amount, even as small as a square inch, and for that reason not entitled to recognition in law. Furthermore, it was indisputably shown that defendants and their predecessors in title had been in the actual adverse possession, by enclosures and clearings, of as much or more than seventy-five acres of the land claimed by them for more than thirty years, and which counsel for plaintiff admits that they are en-

titled to hold under their possessory title. We might well, therefore, construe the testimony of plaintiff's son as referring to that portion of defendants' claim as being within the exterior boundaries of the Trousdale patent, which, if true, would not entitle plaintiff to recover, since, as we have seen, she admits defendants' right to hold such actual possession. The testimony of the son should be given that construction, if we were allowed to ascribe to it any substantial effect, (but which we are convinced we are not), rather than to apply it to any remaining portion of the tract claimed by defendants, since to construe the witness's testimony as including lands not enclosed or cleared would stamp defendants as wrongdoers, which will not be done by mere presumption and when the testimony may be literally applied consistent with their innocence of any wrongdoing.

That it is necessary for a plaintiff in a case like this to establish by his proof that the land claimed by him is located within his exterior bounds was held by this court in the two cases of Tussey v. Hale, 166 Ky. 409, and LeMoyne v. Litton, 159 Ky. 652. Proof that *some* of the land claimed by defendants is within plaintiff's exterior boundaries, without designating any quantity or its location, is so clearly insufficient to discharge plaintiff's burden as to require of us no extended discussion or reference to adjudications.

The conclusion reached renders it unnecessary to discuss the two grounds argued by counsel for plaintiff, since the alleged newly discovered evidence did not appertain to or throw any light on the issue herein determined even if it was otherwise available, but which we think was untrue for reasons which it is unnecessary to state.

Since, therefore, the verdict was the same as the court should have directed, there exists no grounds for reversing the judgment, and it is affirmed.