Filed 2/26/15  P. v. James CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076303 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04451) |
| v. | |
| TYRELL VONTE JAMES, | |
| Defendant and Appellant. | |

Defendant Tyrell Vonte James pleaded no contest to carrying a concealed firearm in a vehicle (Pen. Code, § 25400, subd. (a)(3)—count one),[1] carrying a loaded firearm in public (§ 25850, subd. (a)—count two), and willful resistance, delay, or obstruction of a peace officer (§ 148, subd. (a)(1)—count three).  As to count one, he admitted the firearm was loaded and that he was not its registered owner.  (§ 25400, subd. (c)(6).)  As to count two, he admitted he was not the registered owner of the firearm.  (§ 25850, subd. (c)(6).)

---

[1] Undesignated statutory references are to the Penal Code.

1

The trial court suspended imposition of sentence and ordered defendant to serve five years of formal probation, including as a condition of probation that defendant serve 305 days in county jail for count one and a consecutive 60 days in county jail for count two. The court also awarded defendant 32 days of credit for time served, and ordered him not to enter any Walmart store in Sacramento County for the duration of his probation.

On appeal, defendant contends the trial court (1) erred in failing to award presentence conduct credits pursuant to section 4019, and (2) imposed an unconstitutionally overbroad probation condition by prohibiting defendant from entering any Walmart store in Sacramento County. We conclude defendant is entitled to an award of presentence conduct credits but forfeited his challenge to the probation condition, and even if he had not forfeited the challenge, it would fail because the probation condition is not unconstitutionally overbroad. Therefore, we modify the judgment (order of probation) to award 32 days of presentence conduct credit, and affirm the judgment as modified.

The underlying facts of defendant's offenses are not at issue and need not be recounted. Relevant procedural facts will be set forth in the ensuing discussion.

**DISCUSSION**

**I. Conduct Credits**

The trial court did not award defendant any presentence conduct credits at the time of sentencing. During the pendency of this appeal, defendant requested the trial court award conduct credits. The trial court denied the request, finding, "Sacramento County Sheriff's personnel calculate conduct credit for local/county jail commitments and a defendant may be subject to loss of some or all of that time due to errant behavior. The court will calculate pre-sentence conduct credit on cases where state prison is imposed."

2

Defendant contends, and the People agree, defendant is entitled to 32 days of presentence conduct credit pursuant to section 4019. We concur and shall order the judgment to be modified accordingly.

Section 2900.5, subdivision (a) provides, in pertinent part, "In all felony . . . convictions, . . . when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . hospital [or] prison, . . . all days of custody of the defendant, . . . shall be credited upon his or her term of imprisonment . . . ." "For the purposes of this section, 'term of imprisonment' includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence . . . ." (§ 2900.5, subd. (c).) Section 2900.5, subdivision (d) provides, in pertinent part, "It is the duty of the court imposing the sentence to determine . . . the total number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213."

Under section 4019, a person confined in county jail following arrest and prior to imposition of sentence for a felony conviction is entitled to conduct credits "unless it appears by the record that the prisoner has not satisfactorily complied with the reasonable rules and regulations established by the sheriff . . . ." (§ 4019, subds. (a)(4), (c).) "Although the sheriff is authorized to deduct conduct credits for inmates jailed under a misdemeanor sentence or as a condition of probation, his role with respect to presentence custody credit is to provide the sentencing court with information, records and recommendations. [Citations.] The sheriff or the People have the burden to show that a defendant is not entitled to Penal Code section 4019 credits." (*People v. Duesler* (1988) 203 Cal.App.3d 273, 276.)

Here, defendant was confined in the Sacramento County jail following arrest prior to the imposition of sentence for 32 days (from July 12 to 13, 2013, and from Feb. 27 to

3

Mar. 28, 2014). The probation department's report is silent regarding any deduction of conduct credits, and the People did not argue nor did the trial court find that defendant was not entitled to credits pursuant to section 4019, subdivisions (b) and (c). Under these circumstances, we conclude the trial court erred in failing to award defendant presentence conduct credits. Accordingly, we shall order the judgment modified to reflect that defendant is entitled to 32 days of conduct credit, in addition to the 32 days of actual credit already awarded, for a total of 64 days of presentence custody credit. (§ 4019, subds. (b), (c) & (f).)

## II. Probation Condition

Defendant stole and subsequently surrendered $66.81 in merchandise from a Walmart store located on Elk Grove Boulevard in Sacramento County. The probation department recommended that defendant be ordered to stay away from that store as a term of his probation. When the matter came up for sentencing, the trial court ordered that defendant must not enter any Walmart in Sacramento County for the duration of his probation. Defendant contends this probation condition is unconstitutionally overbroad and must be stricken because it impinges his constitutional right to travel. The Attorney General contends that defendant forfeited this contention by failing to object to the probation condition at sentencing, and that the condition is not overbroad. We conclude defendant's contention is forfeited because it is factually dependent, and regardless, the contention would fail on its merits because the condition is not overbroad.

"As a general rule, a defendant must first raise the issue in the trial court to challenge a probation condition on appeal." (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127.) Defendant did not challenge the condition in the trial court. Nonetheless, defendant relies on *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*) to argue his claim is not forfeited in this instance, as the issue presents a pure question of law. In *Sheena K.*, the Supreme Court held that where the challenge is to a "facial constitutional defect in the

4

relevant probation condition" and is "capable of correction without reference to the particular sentencing record developed in the trial court," the general rule of forfeiture does not apply.  (*Sheena K.*, at p. 887.)  However, not " 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court."  [Citation.]  In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." ' " (*Id.* at p. 889.)

Because defendant has raised this issue as a facial challenge to the probation condition, we address defendant's contention on the merits and reject it.  A probation condition is unconstitutionally overbroad if it imposes limitations on the probationer's constitutional rights, and it is not closely or narrowly tailored and reasonably related to the compelling state interest in reformation and rehabilitation.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement."  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)  Here, defendant contends the probation condition limits his right to travel.  It does not.

Though intrastate and intramunicipal travel have been recognized as constitutionally protected human rights (*In re White* (1979) 97 Cal.App.3d 141, 148; accord, *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1100), these rights may be impinged by a probation condition if that condition "serves to rehabilitate and protect public safety."  (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355.)  Here, Walmart was the victim of defendant's theft, and defendant may continue to exercise his right to

5

travel as long as he stays out of Walmart's stores in Sacramento County.[2]  Such a condition does not impermissibly infringe on defendant's constitutional right to travel. Therefore, it is not unconstitutionally overbroad.

## DISPOSITION

The judgment (order of probation) is modified to reflect that defendant is entitled to 32 days of presentence conduct credit in addition to the 32 days of actual credit previously awarded.  The clerk of the trial court is directed to prepare an amended order of probation reflecting these additional credits and to forward a certified copy of the amended order to the probation department.  As modified, the judgment is affirmed.

                                                           BUTZ            , J.

We concur:

BLEASE         , Acting P. J.

DUARTE        , J.

---

[2]  Defendant requests we take judicial notice that "Walmart owns and operates 16 stores in Sacramento County" based on the printout of a map of Sacramento County and a four-page printout of Walmart store locations in Sacramento County.  We deny the request because the location and number of stores are irrelevant given the limited nature of the probation condition, as discussed herein.