Opinion of the Court, by
Judge Owsley.
THIS was an ejectment, brought by the appellants in the court below, to recover the possession of a tract of land, the title whereof they asserted under a patent which issued from the commonwealth of Virginia to the Rev. James Madison. The trial was had in that court on the general issue, and, under the instructions of the court, a verdict was found for the appellee. Exceptions were taken to the opinion of the court, and the only question made in this court, involves the correctness of the instructions given by that court.
To show their title to the land, the appellants introduced in evidence the patent from the commonwealth of Virginia, purporting to grant to the Rev. James Madison, “ a certain tract or parcel of land, containing 1,850 acres, by survey,” &c. beginning, &c.; and after giving the courses and distances to the beginning, the patent contains the following expressions: “ Including within the said bounds, 522 acres of land entered for John Preston, 425 acres for William Garrard, and both which claims have been excluded in the calculation of the plat,” fee. The appellants also introduced other evidence; but having failed to show the position of the entries of Preston and Garrard, mentioned in the patent, the court, on the motion of the appellee, instructed the jury to find as in case of a nonsuit.
It will at once be perceived, that the correctness of the instructions must turn on the construction to be given to the patent of Madison. It is through that patent the appellants attempt to derive their title to the land, and it is alone for the land comprehended within the patent, that they can recover. It was, therefore, incumbent on them to show that the appellee held the possession of the land patented to Madison; and as they have failed to show the position of the entries of Preston and Garrard, they cannot have done so, if those entries are understood to be excluded from the patent. And that the land called for in those entries was not intended to be granted, and is not in fact con *282 tained in the patent, we apprehend, admits of but little doubt. The boundaries described in the patent, no doubt, comprehend those entries; but they are expressly declared to be excluded from the calculation of the quantity of acres contained in the survey of Madison, and it is only for the quantity contained in that survey, and in virtue of the survey so made, that the patent issued. It cannot, therefore, be presumed that the land of Preston and Garrard, especially after being expressly excluded from the calculation in Madison’s survey, was intended to be granted to him. It is more natural to suppose that the patent was designed to grant to Madison the residue of the quantity contained in the boundaries therein described, after deducting therefrom the entries of Preston and Garrard. There may, it is true, be great difficulty in identifying the position of those entries; but that difficulty has resulted from the laches of the patentee, in the execution of his survey, and ought not to be turned to the prejudice of others, by conferring on him between nine and ten hundred acres of land more than he seems to have been entitled to.
It results, that the judgment of the court below is correct, and must be affirmed with costs.