CASE 62—ACTION BY ROBERTA S. BRYANT AND OTHERS
AGAINST S. G. STEELE AND OTHERS TO RECOVER.
LAND.—March 5, 1909.

## Steele v. Bryant, &c.

Appeal from Laurel Circuit Court.

JAMES S. MORRIS, Special Judge.

From the judgment defendant Steele appeals—
Affirmed.

1. Appeal and Error—Exceptions—Time of Taking—Striking Out
   Pleadings.—An order striking out a portion of a petition, which.
   was not excepted to at the time, will not be reviewed.
2. Public Lands—Disposition of State Lands—Curative Acts—The
   State Legislature, having power to dispose of state lands and
   to validate any irregularity in prior dispositions of said lands,
   (Act March 9, 1868 |Laws 1868, p. 70, c. 1162|), "to legalize the
   issual of grants for quantities of land greater than 200 acres,"
   cured and validated the prior grant of 10,000 acres.
3. Ejectment—Sufficiency of Evidence.—Evidence in ejectment
   held to sustain a finding that the land recovered was within.
   plaintiff's grant, and outside of the exceptions therefrom as
   prior grants.
4. Ejectment—Evidence—Burden of Proof—Where the evidence
   of plaintiff in ejectment shows with reasonable certainty that
   the land is within his patent, and not within any prior grant.
   excepted therefrom, the burden of proof shifts to defendant.
5. Ejectment—Defenses—Title in Third Person—Where the de-
   scription in the grant of plaintiff in ejectment covers a prior
   grant which is excluded, defendant may show that the prior
   grant includes the land in suit, though he does not connect.
   himself with it.
6. Appeal and Error—Record—Rulings as to Evidence.—The
   admission in evidence of deeds alleged not to have been prop-

erly executed, will not be reviewed, where the deeds are not preserved in the record.

7   Appeal and Error—Review—Presumptions.—It is presumed that the court did not err in the admission of evidence, and the burden is on appellant to show error, if any.

8.  Appeal and Error—Review—Harmless Error—Admission of Evidence—The error, if any, in admitting in evidence a deed alleged to be invalid, was harmless, where the jury was afterward instructed that no recovery on such deed could be had.

9.  Judgment—Jurisdiction of Property—Situation of Land—Where the court of another state had jurisdiction of the parties to a trust estate, which included land in Kentucky, a deed of the land, made by the trustee pursuant to the foreign judgment settling the rights of the parties, passed the title.

10.  Deeds—Description—Reference to Other Deeds.—Where a deed refers to the deed under which the grantor obtained title to the property, that deed is admissible in evidence to identify the land conveyed.

11.  Ejectment—Evidence—Where defendant claims land as within prior grants excepted from plaintiff's grant, a patent to plaintiff, issued on a recent survey, is admissible as evidence that the land thereby conveyed is not within defendant's grant.

SAM C. HARDIN, H. C. CLAY, D. K. RAWLINGS for appellant.

QUESTIONS DISCUSED.

1.  The insufficiency of the petition. Wait & Hudson, patent void—Revised Statutes, Chap. 102, Sec. 3.

2.  Patent May be Attacked Collaterally—Bledsoe's Devisees vs. Wells 4 Bibb 239; Taylor vs. Fletcher, 7 B. M. 80; Frazier vs. Frazier, 81 Ky. 137.

3.  Description of Land Insufficient—Code, Sec. 125; Lawless vs. Barger, 9 Bush 665; Wingartner vs. Spinks, 5 Ky. Law Rep. 250; Rorris vs. Robinson, 5 Ky. Law Rep. 772; McKee vs. Sypert, 6 Ky. Law Rep. 516; Gooch vs. Bingle, 12 Ky. Law Rep. 366; Neff vs. Covington, 103 Ky. 549; Terry vs. Swinford, 19 Ky. Law Rep. 712; Green vs. Davis Trustee, 155 or 156 Fed. Rep.

4.  Motion for Peremptory Instructions—Burthen on plaintiffs to locate exclusions; Taylor vs. Taylor, 3 A. K. Mar. 18; Guthrie vs. Lewis, 1 T. B. Mon 143; Cornett vs. Creech, 100 S. W. page 1188.

5.  Motion for Judgment Notwithstanding Verdict and to Set Aside Verdict and Dismiss Petition—Code, Sec. 286; motion for new trial; incompetent evidence, commissioners deeds; Code, Sec-

Steele v. Bryant &c.

tions 395 and 398; Helton vs. Belcher, 70 S. W. 295; conclusion of witness as to location; Ball vs. Loughridge, 100 S. W. 276.

O. H. WADDLE, BROWN & BROCK and T. Z. MORROW for appellee.

### AUTHORITIES RELIED ON:

Lockhard vs. Asher Lumber Co., 131 Fed. Rep 639 and cases cited; Bryant vs. Stephens, 82 S. W. 423, 26 R. 718; Woolfolk vs. Ashby, 2 Met. 288; Kincaid vs. McGowan, 88 Ky. 101; Hughes vs. Owens, 29 Ky. Law Rep. 140.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Appellees claim to own a large body of land lying in Whitley, Pulaski, and Laurel counties, and instituted actions to recover possession of it from a number of defendants claiming different parts of it. The litigation has heretofore been twice before us. See Bryant v. Stephens, 82 S. W. 436, 26 Ky. Law Rep. 718; Bryant v. Strunk, 89 S. W. 549, 28 Ky. Law Rep. 556. On the trial of the issues with appellant, S. G. Steele, they recovered a judgment for a part of the land claimed by him, and as to the remainder of the land claimed by him they were defeated. From this judgment Steele appeals. The following questions are made on the appeal:

1. The court struck out of the plaintiffs' petition all allegations as to the grants under which the plaintiff's title was derived, leaving in it only the allegations that plaintiffs were the owners of the boundary of land set out therein. Of this the defendant complains on the ground that the striking out of these allegations changed the nature of the petition, and made the remaining allegations broader than before. The

general rule is that evidence need not be stated in a pleading. The matters which the court struck out of the petition were evidential; but it is unnecessary for us to decide whether the order was proper, for the reason that the defendant did not except to it. The plaintiffs excepted to so much of the order as struck out certain parts of the petition, but the defendant took no exception to this part of the order.

2. Among other things the plaintiffs relied upon a patent issued to Wait and Hudson for 10,000 acres of land on October 18, 1855, based on a survey bearing date September 4, 1854. The patent calls for a large boundary, which includes about 140,000 acres of land, and it concludes with these words: "Plotting out of this survey all lands heretofore surveyed." The older surveys contain about 120,000 acres of land, so that the patent was really a grant of about 20,000 acres according to the proof here. In Nickels v. Commonwealth, 64 S. W. 448, 23 Ky. Law Rep. 778, this court sustained the validity of a patent issued in 1874 for 34,800 acres of land, which was based upon 174 warrants for 200 acres each, and in Uhl v. Reynolds, 64 S. W. 498, 23 Ky. Law Rep. 759, the court sustained the validity of a patent issued in 1872 for several thousand acres of land, and while both of these cases might have been rested under a special act, the court in deciding them in fact rested its judgment upon the former decisions of the court upholding large grants of land since 1852, out of which prior grants were to be deducted. But whatever of doubt might be otherwise as to the validity of the patent before us, that question was set at rest by the act of March 9, 1868 (Laws 1868, p. 70, c. 1162), which is as follows: "An act to legalize the issual of grants for

quantities of land greater than two hundred acres. Whereas, the provisions of the Revised Statutes of Kentucky upon the subject limits the quantity of land for which an order may be procured to two hundred acres; and whereas, in some instances, surveys have been made, founded on two or more of these county court orders for quantities exceeding two hundred acres; and whereas in a few instances, clerks of county courts have issued 'warrants' for quantities larger than two hundred acres, upon which surveys were made and filed in the land office upon which the register, in the absence of 'caveat' or other objections, issued grants; and whereas, doubts are entertained as to the legality of these grants; to remove which and grant said titles. Be it enacted by the General Assembly of the Comwonwealth of Kentucky (1) That all acts of the register of the land office, carrying into grants surveys filed in his office for quantities of land in excess of two hundred acres, be, and the same are hereby declared legal and valid, unless the warrant was procured, the survey made, and carried into grant by surveyors, or their deputies, for their own use and benefit, in which case this act shall not apply. (2) This act shall be in force from its passage." What the Legislature had power to authorize, in advance, the register to do with the state's property it could legalize after it was done. 8 Cyc. 1023. The land was the property of the state. The Legislature had power to provide how it might be taken up. If an irregularity had occurred, the Legislature could validate what had been irregularly done, so far as the state was concerned. No question here arises as to the rights of a bona fide purchaser whose rights were acquired before the validating act was passed. We,

therefore, conclude that the patent was not invalid.

3. It is insisted that the evidence offered by the plaintiffs on the trial is not sufficient to show that the land recovered is outside of the exclusions referred to in the different patents under which the plaintiffs claim. The plaintiffs introduced two surveyors on the trial who had spent a large amount of time and labor in locating these old surveys. The rule in this state is that if there is any evidence, the question is for the jury, and under this rule we think there was sufficient evidence to submit the question to the jury. L. E. Bryant, one of the surveyors, testified that he had gone to the land office, and had obtained there a complete list of all the land grants within the boundary of the larger patent which included all the others. He said there were about 400 of these surveys, and about one-third of them lay in Laurel county. He had located a large number of them; and, while he had not located all of them, he testified substantially that those he had not located did not include the land in controversy, or were not near it. While a surveyor might not know the precise location of a patent which he had not run out, when he was familiar with the country, he might have a very fair general idea where the land lay. In cases of this sort the plaintiff ought not to be required to do a thing that is impossible. He ought only to be required to furnish such proof as is practicable; and, if his proof reasonably establishes that the land is within his patent, and not within any prior grant, the burden shifts. The defendant may show that the prior grant includes the land, although he does not connect himself with it. In this case the defendant offered no evidence. There is no evidence here that

any of the older grants covered any part of the land in dispute, and we do not see that the finding of the jury for the plaintiffs is against the evidence or not warranted by it.

4. The defendant complains that certain deeds were read to the jury which do not appear to have been signed by any one, or to have been acknowledged in any way, but the deeds are not in the record. The bill of exceptions shows that these deeds were offered in evidence, and that the court overruled the objections to them and allowed them to be read, but they have not been copied in the transcript. The presumption is that the circuit court ruled correctly. The burden is upon the appellant to show that the circuit court ruled incorrectly. The argument for appellant seems to proceed upon the ground that it is incumbent upon the appellees to show that the deeds were properly admitted in evidence. This is not the case. The presumption is that they were properly admitted, and this presumption continues until it is shown by the record that an error was made.

5. Appellees also complain that certain other deeds were admitted in evidence by the court which were made by a commissioner in the course of a judicial proceeding, and did not have indorsed upon them the approval of the circuit court. This is required by the statute, and when the deed has not the approval of the circuit judge indorsed upon it, the order of the circuit court approving it is necessary to show that it is a valid deed. But the trial judge, after admitting these deeds in evidence, when he came to instruct the jury, in effect instructed them to find for the defendants as to the land embraced in these deeds, thus in effect excluding them from the consideration of

the jury. Among other things the plaintiffs offered in evidence a deed made to Mrs. Bryant by Chamberlain as trustee in pursuance of a judgment of the circuit court of Illinois, where the parties then lived, and the record of that proceeding was also read in connection with the deed. This deed was properly admitted in evidence; for, while the courts of Illinois cannot affect by their judgments the title to land in Kentucky, still when all the parties in interest are before the court there, the court may settle their rights, and a deed made by one of the parties pursuant to the judgment of the court passes the title. Chamberlain had no interest in the land. He held it in trust for Mrs. Bryant and her children, and in this proceeding he conveyed it to her, they joining with him. We do not therefore see that there was any error in the admission of the deed. Appellees insist that the land is not sufficiently described in some of the deeds, but taking the whole instrument, we can no see that this is true. For when a deed refers to the deed under which the grantor obtained the property in such a way as to identify it, that deed is to be read in connection with it to identify the thing granted.

6. The motion for judgment notwithstanding the verdict was properly overruled. The petition, after it had been reformed by the order of the court, was simply a petition for the recovery of the tract of land therein described, and contained all the averments necessary for such a petition. The defendant's answer set up the boundaries which he claimed, and his title to this land was denied by the reply. The thing in controversy was plainly defined by the pleadings, and there was no uncertainty at all.

7. The instructions of the court plainly told the jury that they should find for the plaintiffs if certain boundaries of land therein particularly described were within the grants under which plaintiff's claimed, and were not contained in any survey previously made. The jury could not have misunderstood the instructions. They could not have found for the plaintiffs under the instructions unless all the land thus described was within the plaintiff's grant and outside of the exclusions. The finding of the jury under the instructions is a finding that the land in controversy here was within the plaintiffs' grant, and not within any grant previously made.

8. Appellees had taken out a patent for 112 acres based on a survey made in 1882. The court did not err in allowing this patent read to the jury; for it was some evidence as an admission by the defendant that this 112 acres was not within the older surveys referred to in the evidence. It was not conclusive, but it was a fact competent to go to the jury, tending to show that the 112 acres was held in this way. No proof was offered showing it was held under any other title or claim.

The record is a very large one. We have gone over it carefully, and have considered all the objections made by the defendant, but on the whole case we are unable to see that any substantial error to his prejudice was made on the trial.

Judgment affirmed.