## Louisville Property Company, et al. v. Lawson, et al.

(Decided March 18, 1915.)

### Appeal from Whitley Circuit Court.

1. Ejectment—Patents—Exclusions—Burden of Proof.—If exclusions are mentioned in what may be called a "blanket patent," the owner of the patent, who sues to recover land that lies within the lines of his patent, must show that the land he claims is within his patent and is not covered by any of the exclusions. If, however, the patent does not mention any exclusions and grants all the land it describes, the burden is upon the defendant to show that the land he claims is covered by the senior patent under which he claims.

2. Ejectment—Patents—Exclusions—Instructions.—In a suit by the owner of a "blanket patent" containing no exclusions to recover land which was claimed by the defendant under a senior patent, the court should instruct the jury that if they believed from the evidence that the land in controversy was within the exterior lines of the "blanket patent," they should find for the plaintiff, unless they believed from the evidence that it was covered by the senior patent.

3. Ejectment—Patents—Senior Patents.—Although a patent may not mention any exclusions or senior patents, the law will exempt from its operation all land that is covered by senior patents.

STEPHENS & STEELY and TYE & SILER for appellants.

HENRY C. GILLIS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This is the second appeal of this case. The opinion upon the former appeal may be found in 156 Ky., 288. On the former appeal the present appellant was also the appellant, and the judgment of which it then complained was reversed for an error in the instructions. In order that the error for which the judgment must be again reversed may be understood, we take from the former opinion the following statement of facts:

"Appellants claim title to the eighteen-acre tract of land in controversy under a 48,040-acre patent, issued to Alfred L. Clapp in 1873, and the appellee, Lawson, claims title to it under a fifty-acre patent, issued to William Lawson in 1845. The Clapp patent embraces several senior grants, but none of these covers the eighteen-acre tract. It is agreed of record that appellants have a perfect title to the land covered by the Clapp patent, and that the appellee, J. C. Lawson, has a similar title to the land covered by the Lawson patent; but it is contended by appellees that the eighteen-acre tract is outside the boundary of the Clapp patent and embraced in that of the Lawson patent. So the real controversy is as to the true location of the lines of the Lawson patent. If the lines of the Lawson patent are located as claimed by appellants the land in controversy is not covered by the Lawson patent. The circuit court was of the opinion that the evidence conclusively established the boundary of the Lawson patent as claimed by appellants; hence it instructed the jury as follows:    *    *    *"

On the former appeal the appellee, Lawson, claimed the eighteen-acre tract in controversy not only under the Lawson patent, but by adverse possession. But in the former opinion the court held that the question of adverse possession should not be submitted to the jury, leaving the only question to be submitted on the trial from which this appeal was taken, whether the eighteen acres was a part of the Lawson patent.

The Clapp patent did not mention any exclusions. It simply described the exterior lines of the patent and granted all the land therein contained, but it seems to be conceded that there were within the exterior lines of this patent a number of senior patents covering a large quantity of the land, and that excluding these senior patents, the Clapp patent covered only some ten or twelve thousand acres of land. The fifty-acre patent under which Lawson claims is senior to the Clapp patent,

and if the eighteen acres of land in controversy are covered by this fifty-acre patent, Lawson has the better title.

The court instructed the jury as follows: "If you believe from the evidence that the timber in controversy was cut from the land which lies within the outside lines of the Clapp patent and from land which was not patented before the date of the Clapp patent, then you will find for the plaintiff, Louisville Property Company, the fair and reasonable value of the timber so cut and taken at the time of its removal, not exceeding $339. Unless you so believe, you will find for the defendants, Lawson and others."

It will thus be seen that the jury were told, in effect, that they could not find for the property company unless they believed (1) that the timber in controversy was cut from land within the outside lines of the Clapp patent, and (2) from land which was not covered by patents senior to the Clapp patent. Under this instruction the jury might have believed that the land in dispute was within the Clapp patent, but before they could find for the property company they had also to believe that it was cut from land which was not patented before the date of the Clapp patent. In other words, this instruction put upon the property company the burden of showing the two propositions mentioned, and in this respect, we think, it was erroneous.

The rule, as we understand it, is that, if exclusions are mentioned in what may be called a "blanket patent," the owner of such a patent, who sues to recover land that lies within the exterior lines of his "blanket patent," must show that the land he claims is not covered by any of the exclusions mentioned in the patent under which he claims. In other words, if "A" claims under a patent for a hundred thousand acres of land that expressly excludes from its operation all senior patents within its exterior lines, in a suit to recover any land within the exterior lines of his big patent, he takes the burden of showing that the land he claims is not within any of the exclusions mentioned in his patent. If, however, the patent under which "A" claims does not mention any exclusions or senior patents, and grants all the land it describes, the law will exempt from the operation of his patent all land within the exterior lines of his patent that is covered by senior patents; but, in this state of case, if "A" brings a suit to recover the pos-

session of land within the exterior lines of his patent and the defendant claims the land in controversy under a senior patent, the burden is upon the defendant to show that the land he claims is covered by his senior patent.

In granting to Alfred S. Clapp the patent under which the property company claims the land in controversy, and which does not contain any exclusions, the Commonwealth, on the face of the record, granted to Clapp all of the land within the exterior lines of the patent. This is the legal presumption arising from the patent. But if a patent contains exclusions, or excepts senior patents, the presumption is that the Commonwealth granted to the patentee only so much of the land as was within the exterior lines of the patent after excepting therefrom senior patents or exclusions; and so, when he undertakes to recover land claimed by some one else that lies inside the lines of his patent, he must show, not only that the land is within his patent, but that it is not covered by any of the exclusions or the senior patents, because such land was not granted to him.

Lawson, however, claims that the Commonwealth had theretofore granted to him a patent for fifty acres of land within the exterior lines of the Clapp patent. Therefore, in this suit by Clapp's vendee to recover possession of the land within the lines of this Clapp patent, the plaintiff had the right to safely rest his case after showing that the land he sought to recover was within the lines of his patent. The burden then shifted to the defendant to show that the land was covered by his senior patent. If it was not, he could have no defense, if he admitted that the land was within the lines of the plaintiff's patent that did not contain any exclusions.

Counsel for appellee relies on the case of Charleroi Timber & Cannel Coal Co. v. Licking Coal & Lumber Co., 116 S. W., 683, as supporting the instruction given by the court, which, as stated, put the burden upon the property company to show, not only that the land in dispute was within the lines of the Clapp patent, but also that it was not covered by a prior patent. But we do not think this case supports counsel. The court said:

"The plaintiff showed no possessory title to the land. It rested its whole claim upon a patent issued to M. J. Amyx, dated May 15, 1849, and certain deeds constituting a chain of title from the patentee to it. It introduced

on the trial a number of witnesses who testified that the land in controversy was within the exterior lines of the Amyx patent, which is a grant of 74,866 acres lying within a certain boundary, excluding therefrom 60,518 acres of prior grants. The plaintiff introduced no evidence at all as to the location of the prior grants, or to show that the land in dispute was not within them. The land may be within the exterior boundaries of the Amyx patent, and may not be embraced by that patent. It was incumbent upon the plaintiff to show, not only that the land in contest was within the exterior boundaries of the Amyx patent, but also that it was outside of the prior grants. Madison v. Owens, Litt. Sel. Cas., 281.''

It will thus be seen that the Amyx patent under which the plaintiff claimed contained exclusions. The same ruling under a similar state of facts was made in Le Moyne v. Anderson, 123 Ky., 584.

Under the very conflicting facts of this case the instruction putting the burden upon the property company was not only erroneous, but prejudicial to the substantial rights of the property company. In the former opinion it was said: ''The court should, on another trial of the case, under a proper instruction, leave to the jury the duty of determining from the evidence the boundary of the Lawson fifty-acre patent; and also the further question as to whether the eighteen-acre tract in controversy is included within the boundary thereof.'' So that, on another trial, the court should instruct the jury, in substance, that if they believe from the evidence the timber in controversy was cut from land within the outside lines of the Clapp patent, they should find for the plaintiff, unless they believe from the evidence that the land in controversy was covered by the Lawson fifty-acre patent, and if they believe it was covered by this patent, then they should find for the defendant.

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.