### Foster v. Roberts, et al.

(Decided March 12, 1918.)

## Appeal from McCreary Circuit Court.

1. Boundaries—Prima Facie Evidence—Report of Processioners.—In an action to quiet title the report of the processioners theretofore made under Section 2368, Kentucky Statutes, after notice to the adjoining owners, was prima facie evidence of the correct location of the lines of plaintiffs' patent, and in the absence of evidence to the contrary, the chancellor did not err in holding that the location made by the processioners was correct and that plaintiffs' patent lapped on the land claimed by the defendants.

2. Deeds—Property Conveyed—Description—Sufficiency.—The rule is that a deed is not void for uncertainty if from the description contained in the deed, the property can be located.

3. Deeds—Property Conveyed—Description—Sufficiency.—A description in a deed conveying "my undivided interest and share to a certain tract or parcel of land by which my said father, Stephen Owens aforesaid, died seized and possessed, lying on the waters of the Little South Fork of Cumberland river in Wayne county, containing about 365 acres in all," is sufficiently definite to pass title.

4. Adverse Possession—Requisites—Actual Possession.—Where the superior title holder is in possession of a portion of his land, though not within the interference, his possession is actual and co-extensive with the boundaries of his patent, and the subse-

quent entry within the interference by a junior patent holder, will not divest the superior title holder of his prior and existing possession beyond the actual close of the junior patent holder.

5. Adverse Possession—Description of Land Claimed—Statutory Provisions.—Under Civil Code of Practice, section 125, requiring the answer in an action to recover land to state whether defendant claims any part of the land and if so to describe that part claimed so as to identify it, an answer accurately describing a larger tract embracing defendants' enclosure will support a judgment awarding defendants the enclosed lands.

VIRGIL P. SMITH and H. J. CLINE for appellant.

H. C. GILLIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming both on the original and cross appeal.

Alleging that they were the owners and in possession of a tract of land consisting of about fifty acres and covered by a patent issued by the Commonwealth to Stephen Owens in the year 1830, Sarah Roberts and others, the widow, heirs and successors in title of Henry T. Roberts, deceased, brought this suit against John Foster and others to quiet their title. The defendants denied the ownership and possession of plaintiffs and pleaded title to a portion of the land, consisting of about thirty acres, which was described by metes and bounds. On final hearing the chancellor quieted the title of plaintiffs to all of the land in controversy with the exception of that portion which the defendants held by enclosure. From this judgment John Foster, one of the defendants, appeals, and plaintiffs prosecute a cross-appeal.

It appears that a year or two before the suit was brought, Mrs. Roberts, upon notice to the Fosters, had her lands processioned, and according to the report of the processioners the line of the Stephen Owens patent was so located that it embraced a portion of the land which the defendants held under inferior patents. Since the report of the processioners made under section 2368, Kentucky Statutes, after notice to the adjoining owners, was *prima facie* evidence of the true location of the line of the Stephen Owens patent. Harrod v. Armstrong, et al., 177 Ky. 317, 197 S. W. 816; Crouch v. Wainscott, 122 Ky. 107, 91 S. W. 289, and as there was no evidence to the contrary, the chancellor did not err

in holding that the location made by the processioners was correct, and that the Stephen Owens patent lapped on the land claimed by the defendants.

But the point is made that plaintiffs did not prove either title or possession and were not therefore entitled to recover. In this connection it is insisted that the descriptions in the deeds from certain of the heirs of Stephen Owens to George Owens were too indefinite to pass title. The rule is that a deed is not void for uncertainty if from the description contained in the deed the property can be located. 8 R. C. L. 1073; Barbour v. Tompkins, 58 W. Va. 572, 52 S. E. 707, 3 L. R. A. (N. S.) 715. In each of the deeds in question, the grantor was stated to be the heir of Stephen Owens and the property was described as "my undivided interest and share to a certain tract or parcel of land of which my said father, Stephen Owens, aforesaid, died seized and possessed, lying on the waters of the Little South Fork of Cumberland River in Wayne county, containing about 365 acres in all." In our opinion this description was sufficiently definite to pass title. Pennington v. Cumberland Valley Land Co., 150 Ky. 576, 150 S. W. 655; Ratliff v. Sowards' Guardian, 152 Ky. 97, 153 S. W. 25; Newman v. Newman, 154 Ky. 300, 157 S. W. 381.

While it is true that plaintiffs never entered within the interference, the evidence considered as a whole clearly shows that they entered and took possession of the land covered by the Stephen Owens patent prior to the entry by the defendants within the interference under their junior patents. That being true, the possession of plaintiffs, who were the legal title holders, was actual and co-extensive with the boundaries of the patent under which they held title, and the subsequent entry of the defendants under their junior patents within the interference did not divest plaintiffs of their prior and existing possession beyond the actual close of the defendants. Simon v. Gouge, 12 B. Monroe 156; Harrison v. McDaniels, 2 Dana 350; Hopson v. Cunningham, et al., 161 Ky. 160, 170 S. W. 522. It, therefore, follows that the possession of plaintiffs was sufficient to maintain an action to quiet title

Civil Code of Practice, section 125, requires the answer in an action to recover land, to state whether defendant claims any part of the land and, if so, to describe that part claimed so as to identify it. It is in-

sisted on the cross-appeal that the chancellor erred in awarding the defendants the land within their enclosure, because their answer did not set up the boundaries of the enclosure. It does appear, however, that the defendants set up claim to, and accurately described in their answer, a tract of about thirty acres of land embracing the enclosure. Though they failed to show title to the entire tract thus described, they did show title to the enclosed land forming a part of the entire tract. Under these circumstances the answer was sufficient to authorize a judgment in favor of the defendants for the enclosed lands.

Judgment affirmed both on the original and cross appeal.