## Liter v. Ford, et al.

(Decided January 25, 1924.)

## Appeal from Fayette Circuit Court.

1. Limitation of Actions—Statute Held Not to Apply Against Void Tax Sale.—The five and ten year statutes of limitations are unavailing against a tax deed, void because of omissions of sheriff and purchaser under Ky. Stats., sections 4149, 4151-2 to 4151-4, 4153, and 4156.

2. Taxation—Reply Pleading Estoppel Based on Facts Denied by Answer Subject to Demurrer.—In suit to quiet title under a sheriff's tax deed where defendants attacked the tax sale and denied alleged payments of taxes by plaintiff, the court properly sustained a demurrer to reply pleading estoppel because of defendants' failure to repay or offer to pay taxes which plaintiff alleged in her petition she had paid on the property.

3. Taxation—Right to Relief Depends Solely on Plaintiff's Own Title. —Defendants in suit to quiet title were not estopped to deny the validity of plaintiff's tax deed because of their knowledge of it when they purchased the property, since plaintiff's right to have her title quieted depends solely on the validity of her deed without reference to whether or not defendant's title was good.

R. S. CRAWFORD for appellant.

ALLEN, BOTTS & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Asserting title to and possession of a house and lot in Lexington, under a sheriff's tax deed, appellant instituted this action to quiet her title against adverse claims of appellees.

Appellees, Ford and Duncan, filed answer asserting title to and possession of the property under a decretal sale and master commissioner's deed, and denied plaintiff's alleged title and possession. They also pleaded an estoppel, and specifically attacked the validity of the sheriff's deed to plaintiff upon numerous grounds, including alleged omissions of the sheriff and purchaser at his sale to comply with provisions of sections 4149, 4151, 4153 and 4156 of the Kentucky Statutes.

By her reply, appellant did not deny any of the alleged omissions upon the part of the sheriff and the purchaser at the sale, but pleaded limitations and estoppel. The court having sustained a demurrer to her reply, she declined to plead further, and her petition was dismissed.

In the recent case of Miller v. Powers, 184 Ky. 417, 212 S. W. 453, we held that the same omissions of the sheriff and purchaser as alleged here, to comply with the above sections of the statutes, rendered such a deed invalid. In the same case we also held that the five and ten year statutes of limitations relied upon there and here were unavailing against a void deed, and that "such deed may be attacked at any time because it is void."

It follows the court did not err in sustaining the demurrer to the reply in so far as it pleaded limitations.

An alleged ground of estoppel is the failure of defendants to repay, or offer to repay, to plaintiff the taxes she alleged in her petition she had paid on the property. A sufficient answer to this contention is found in the fact that each and every one of the alleged payments by her is denied, and, bearing the burden of proof, she offered none.

It also is argued that defendants are estopped to deny the validity of her deed because of their knowledge of it when they purchased the property, and because of an alleged defect in their title.

That neither of these contentions is sound is apparent, since a void deed cannot of itself, or knowledge of its existence, be effective for any purpose; and plaintiff's right to have her title quieted depends solely upon its validity without reference to whether or not defendant's title is good.

Judgment affirmed.