## Casteel v. Pennington.

(Decided February 26, 1929.)

HAZLEWOOD & HAMM and GEORGE G. BROCK for appellant.

LEWIS, BEGLEY & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

C. A. Casteel brought this suit against George Pennington to recover a small strip of land lying on the east side of the Dixie Highway in the town of East Bernstadt, in Laurel county. In addition to denying Casteel's title and pleading title in himself, Pennington interposed a plea of champerty and equitable estoppel. By agreement of parties the cause was transferred to equity, and the chancellor rendered judgment in favor of Pennington. Casteel appeals.

Without reviewing the evidence at length, we are of the opinion that it is sufficient to show that Casteel, and not Pennington, is the owner of the land. The chief ground on which Casteel's title is assailed is that the description in the deed from John W. Mullins and wife to the Louisville & Nashville Railroad Company, Casteel's grantor, is too indefinite to pass title. The description is as follows: "Three acres (3) acres of land situated in the said county near the present residence of the said grantors, said land off by the engineer of the said railroad in a convenient shape for a depot building, side tracks, cattle pens, etc."

It is apparent from the description that something was omitted. As a matter of fact, the land was laid off in a convenient shape for a depot building, side tracks, cattle pens, etc. We are therefore constrained to the view that the words "having been laid" should be inserted between the word "land" and the word "off," so as to make the clause read, "said land having been laid off by the engineer," etc. Applying the maxim, "Id certum est quod certum reddi potest," it is clear that the description furnishes the means of identifying the land conveyed, and was sufficient to put the purchaser of the particular land, or of adjoining lands, on notice, and to

require them to go upon the ground and see how the land had been laid off. It follows that the deed·was sufficient to pass title.

The plea of champerty is not available. The contention is that James Bond, Pennington's grantor, was in possession of a portion of the strip in controversy when Casteel acquired title. Though that be true, Bond deposed that he did not ·claim title to any portion of the land in controversy, from which it necessarily follows that his holding was not adverse.

As Casteel proved title, and the deed to him was not champertous, it remains to determine whether the facts are such as to estop him from claiming the land. The only facts relied on are that Casteel stood by and permitted Pennington to construct a valuable wholesale grocery on a portion of the lot and never opened his mouth until after the building was ·completed. The rule that one who stands by and sees another purchase land or enter upon it under a claim of right, and permits such other to make expenditures or improvements under circumstances calling for notice or protest, cannot afterwards assert his own title against such person (Empire Coal Mining Co. v. Empire Coal Co., 183 Ky. 699, 210 S. W. 474), has no application to the facts of this case. Pennington erected the improvements outside of his deeded boundary. Therefore, he was not a purchaser of any portion of the land in controversy, nor did he enter thereon under a claim of right. Moreover, the facts are not sufficient to show that he relied on, and was misled by, Casteel's conduct. In the circumstances his mere silence was not sufficient to deprive him of all right to the property. However, the case is in equity, and equitable principles will be applied. The land in controversy, though about 140 feet long, is only about 10 or 12 feet wide at one end, and runs to a point at the other end. It is of little value considered either as a separate tract, or in connection with Casteel's other land. Not only so, but there is room for confusion and doubt as to the exact location of the boundaries set forth in the deeds under which Pennington and Casteel hold. Should the land be restored to Casteel, it will not only necessitate the removing of the building, but will bottle up Pennington's business establishment in such a way as to require the expenditure of a large sum of money in order that he may have access to the adjoining highway. In other words, the value of the lot is insig-

nificant compared to the damages that will result to Pennington. In view of this situation, we think the ends of justice may be fully met by requiring Pennington to pay to Casteel the reasonable market value of the land together with damages for its detention. Powers v. Ward. 200 Ky. 478, 255 S. W. 105, 34 A. L. R. 230. On the return of the case, the parties will be given an opportunity to offer evidence on this question.

Judgment reversed, and cause remanded for proceedings in conformity with this opinion.