## Turner v. Turner et al.

(Decided February 3, 1931.)

L. D. LEWIS for appellant.

J. M. MUNCY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

Alleging that they were the owners, and entitled to possession, of a certain tract of land situated on the

waters of Greasy creek in Leslie county, and that Robert Turner then held and had wrongfully held a part of the land, David Turner and Israel Miniard brought this suit against Robert Turner to recover the land and $300 damages for its detention. After denying the allegations of the petition, Robert Turner pleaded title by adverse possession to a particular tract of land which he alleged was wholly embraced in the tract described in the petition. After the affirmative allegations of the answer had been denied by a reply, defendant filed an amended answer pleading in substance, that plaintiffs were claiming the land under a patent granted to David Turner on November 12, 1890, and based on a survey dated June 27, 1890, and that the patent was void on the ground that the identical land therein described had been granted to one C. O. Lockhart by prior patent dated November 4, 1873. To the amended answer plaintiffs filed a reply denying its allegations, and pleading adverse possession. At the conclusion of the evidence both sides asked for a peremptory instruction. The motion of plaintiffs was sustained, and the jury was directed to return a verdict in their favor. The defendant appeals.

The evidence may be summarized as follows: David Turner was granted a patent for the land on November 12, 1890. He had lived on the adjoining land for 62 years, and had cultivated the land in dispute for 40 years continuously. Also he had a house on the land for 31 or 32 years. This house was then occupied by Gusie Turner. He had also tended the place every year. When Israel Miniard was on the stand, the David Turner patent of November 12, 1890, was produced, read, and made a part of his evidence. The patent he said covered all the land set out in the petition. David Turner had been living on the patent ever since it was made. The defendant had been cutting timber from the land and had about 3 or 4 acres fenced up. How long the defendant had had it fenced up, he did not know. The defendant had been claiming the land for 11 or 12 years, and had a portion of it fenced up before he got his deed. Defendant had kept him out of the rent for about 7 years, and cut timber from the land. Robert Turner testified that he cleared about 4 acres, fenced it up, and had been claiming the land for about 33 years. The boundary around the land was marked with an ax, and part of it with a knife, and was marked all the way around. He marked the boundary many years ago. He only claimed the boundary that

he had marked himself. He had never lived on the land or had a deed to it. He had fenced it up and claimed it. David Turner did not claim the land. Jim Lewis testified that he was a land surveyor, and thought he knew the location of the C. O. Lockhart patent in a general way. The patent covered the land in controversy. On cross-examination he stated that defendant fenced the land up under old man Turner, who had been claiming the land since 1893. Enoch Lewis testified that in the years 1913 and 1914 defendant cut on the halves for old man Turner some timber off the 100-acre survey. He was present and heard the contract made.

The exclusion of the Lockhart patent of 1873 is one of the grounds urged for reversal. In view of the fact that the court permitted a surveyor to testify, and it seems to be conceded, that the Lockhart patent of 1873 covers the land embraced in the subsequent Turner patent, it is apparent that the exclusion of the attested copy of the Lockhart patent, even if improper, was not prejudicial. Though the subsequent Turner patent was void and conferred no title, section 4704, Kentucky Statutes; Mullins v. Robinson, 210 Ky. 461, 276 S. W. 156, it was admissible to show the extent of David Turner's possession, Miller v. Powers, 184 Ky. 417, 212 S. W. 453; Anderson v. Proctor Coal Co. (Ky.) 128 S. W. 85. No one being in possession under the Lockhart patent, the entry of David Turner under his patent, followed by the regular cultivation of a portion of the land and its occupancy by a tenant, coupled with the claim to the whole, carried with it the possession of the entire tract, Swift Coal & Timber Co. v. Ison, 231 Ky. 404, 21 S. W. (2d) 659; Burt & Brabb Lumber Co. v. Sackett, 147 Ky. 232, 144 S. W. 34, and the subsequent entry of Robert Turner, who, to say the least, was an intruder, without color of title, and the inclosure of part of the land, even though his holding by inclosure was adverse, and was accompanied by a marking of a boundary outside the inclosure, did not interrupt David Turner's possession of the remainder of the land, but affected his possession only to the extent of the inclosure, Cameron v. Beatty, 6 Ky. Law Rep. 589; Church v. Halley, 10 Ky. Law Rep. 447. Since the possession of David Turner and of Miniard of the land not inclosed was adverse, and not interrupted, and continued for more than 15 years, it follows that they were entitled to recover all the land outside the inclosure.

But the point is made that the court erred in directing a verdict for the land inclosed. The basis of this contention is that the deed from David Turner to Miniard was champertous as to that portion of the land. The point is well taken. Miniard admits that at the time he received his deed from David Turner the 3 or 4 acres theretofore inclosed by Robert Turner were still inclosed, and were being claimed by him. In the circumstances Robert Turner's holding of the land inclosed was adverse, and Miniard's deed to that extent was champertous and passed no title. Lipps v. Turner, 164 Ky. 626, 176 S. W. 42.

It follows from what has been said that the directed verdict in favor of Turner and Miniard as to the land outside the inclosure was proper, but that on the showing made the court erred in directing a verdict in their favor as to the land inclosed.

Though on another trial the parties are entitled to go to the jury on the question of champerty, in order to avoid expense it might be well, if the evidence is substantially the same, to submit the matter to the court.

As to the land outside the inclosure the judgment is affirmed. As to the land inclosed the judgment is reversed, and cause remanded for a new trial consistent with this opinion.