## Baker et al. v. Brown.

(Decided Dec. 14, 1937.)

J. B. CAMPBELL for appellants.

H. H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, George Brown, brought this action against the appellants, Dewey Baker, Will Bingham, and Gill Bingham, to quiet his title to a tract of land in Knox county. The appellants, in an answer and counterclaim, asserted title to the land described in the petition, alleged that they were in possession thereof, and asked that their respective titles be quieted. The portions of the land claimed by the different appellants were not specifically described in the answer. Proof was heard, and, on submission of the case, it was adjudged that the plaintiff, George Brown, was the owner of a part of the land in dispute, and his title thereto was quieted. The tract was described by metes and bounds in the judgment. It was also adjudged that the defendants had been in the adverse possession of the remainder of the tract in dispute a sufficient length of time to acquire title thereto, and their title to that part of the tract was quieted. The defendants have appealed, but the plaintiff has not prosecuted a cross-appeal. It is insisted that the judgment is void because the land claimed by the appellee was not sufficiently described in his petition. The petition described the land as follows:

"A certain parcel or tract of land, situated and being in Knox County, State of Kentucky, and described as follows, to-wit:

"Beginning on the top of the hill at Arch Jackson's line to Theo Bingham's line; thence with Theo Bingham's line to Pleas Hubbard's line; thence with his line to the beginning, and being the same land that was deeded to the said John E. Golden by Theo Bingham by deed dated the April 9th, 1900, and which deed is recorded in the Clerk's office of the Knox County Court, in Deed Book No. 'X,' at page 263, to which deed, deed book and page reference is here made.

"The plaintiff says that he came into possession of said land through and by purchase, which deed is recorded in deed book ——— page ——— of record of deeds in the County Court Clerk's office of said county, he files herewith and is made a part hereof, said deed marked Exhibit A for identification."

It appears that the deed from John E. Golden to George Brown, or a copy thereof, was filed as an exhibit with the petition, but it has not been made a part

of the record on this appeal. The single ground relied upon for a reversal of the judgment is the alleged insufficiency of the description of the land in the petition. The land is a triangular tract, and is described as running with Arch Jackson's line to Theodore Bingham's line, thence with his line to Pleas Hubbard's line, thence with Hubbard's line to the beginning. It is also described as the same land deeded to John E. Golden by Theodore Bingham April 9, 1900, by deed recorded in a certain deed book in the Knox county clerk's office, to which reference is made.

A petition in an action to quiet title to land will support a judgment quieting the title if the description of the land is sufficient to enable the lines to be located on the ground. Lawrence Oil Corp. v. Metcalfe, 241 Ky. 353, 43 S. W. (2d) 986; Casteel v. Pennington, 228 Ky. 206, 14 S. W. (2d) 753; Bond v. Dean, 223 Ky. 713, 4 S. W. (2d) 721; Foster v. Roberts, 179 Ky. 752, 201 S. W. 334. In Lawrence Oil Corp. v. Metcalfe, supra, the land was described in the petition by naming the adjoining landowners, and it was held that the description of the land in the petition was sufficient to support the judgment. In the case before us, the evidence as to whether or not the lines could be located on the ground from the description in the petition was conflicting. A surveyor introduced by appellee testified that he went upon the ground and was able to locate the corner and the boundary lines. Other witnesses testified to the same effect. The evidence was amply sufficient to sustain the chancellor's conclusion that the lines could be located on the ground from the description in the petition and the deeds therein referred to. Where a deed under which the claimant obtained title is referred to, that deed is admissible in evidence to identify the land conveyed. Steele v. Bryant, 132 Ky. 569, 116 S. W. 755.

Appellants and appellee trace their titles to a common source, Theodore Bingham. Appellants Will Bingham and Gill Bingham claim the land by inheritance from their father, Theodore Bingham, and Dewey Baker claims he acquired title to part of the tract in dispute by deed from the heirs of Theodore Bingham who died about 1906. Appellee traces his title to a deed executed April 9, 1900, by Theodore Bingham to John E. Golden, and his title is superior to the titles which appellants claim they acquired from Theodore Bingham or his

heirs. The chancellor found that part of the land in dispute had been inclosed, used, and adversely held by appellants more than 15 years, and title to it was adjudged to be in them. No complaint as to that part of the judgment is made.

The judgment in so far as it quiets appellee's title to the remainder of the land is sustained by the pleadings and proof, and is therefore affirmed.