William Alpha Hubbard, of Louisville, Ky., for Mary and Ethel Collins.

Fred Morgan and Ashcraft & Morgan, all of Brandenburg, Ky., for Wm. Anderhub.

## UNITED STATES v. 14.99 ACRES, MORE OR LESS, OF LAND SITUATE IN MEADE COUNTY, KY., et al.
### No. 2208.

District Court, W. D. Kentucky.

June 9, 1939.

MILLER, District Judge.

The United States of America brought this action to condemn approximately fifteen acres of land in Meade County, Kentucky. William Anderhub and his wife, Molly Anderhub, were proceeded against as the owners of the property, as disclosed by the record title. The defendants Mary Collins and Ethel Collins were also made parties to the action in that they claimed ownership of the real estate in question.

The real estate in question was conveyed to James Collins of Louisville, Kentucky, by W. J. Shrewsbury and Mamie Shrewsbury, his wife, by deed dated February 15, 1905, which was duly recorded. James Collins died on February 14, 1937 intestate, a resident of Louisville, Jefferson County, Kentucky, leaving surviving him the defendants Mary Collins, his widow, and Ethel Collins his only child, both residents of Louisville, Jefferson County, Kentucky. James Collins paid the state and county tax-

es against the real estate through the year 1925. In at least one instance, either in 1925 or shortly before, payment was made by a postoffice money order mailed to the Sheriff of Meade County by James Collins using stationery of D. G. B. Rose, a well-known business man, of Louisville, Kentucky. The state and county taxes for the year 1926 were not paid and the real estate was sold by the Sheriff of Meade County for the non-payment of taxes on May 2, 1927 to R. P. Hagan for $3.09. The property at that time was assessed in the name of J. C. Collins with the notation that J. C. Collins was a non-resident of Meade County. The Sheriff of Meade County at a time not less than 15 days before the sale on May 2, 1927, mailed a postal card to J. C. Collins addressed to the postoffice nearest where the property was situated notifying him of the time and place of sale. No effort was made to ascertain his address in any county other than Meade County. The Sheriff advertised the sale for 15 days beforehand by posting a notice at the courthouse door and by publication once a week for 4 consecutive weeks prior to the day of sale in the Meade County Messenger, a newspaper of general circulation in Meade County. The Sheriff of Meade County did not distrain any personal property of James Collins in Meade County to satisfy the unpaid taxes because he had no information or knowledge of any personal property of James Collins in Meade County. R. P. Hagan, the purchaser of the real estate at the tax sale, did not give notice in writing within 50 days after the sale to James Collins, or to anyone, of such purchase. He made inquiry as to the whereabouts of the owner of the property and could not locate him. Hagan thereafter assigned his contract of purchase to the defendant William Anderhub for a consideration of $100, and on December 7, 1932 the Commonwealth of Kentucky through the Sheriff of Meade County conveyed to William Anderhub by a tax deed real estate described as follows, which deed recited the sale of the property as property of J. C. Collins for non-payment of taxes for the year 1926: "The whole of fifteen (15) acres of land, more or less, being a tract of land adjoining the lands of L. Hoover in District No. 1, Meade County State of Kentucky." This deed was recorded on December 7, 1932. Following the sale of the property for non-payment of taxes, Hagan paid the state and county taxes for two years and Anderhub paid the taxes thereafter. The property was fenced in but was never lived upon by either Hagan or Anderhub.

The defendants Mary Collins and Ethel Collins filed an answer and cross-complaint on October 17, 1938, claiming title to the real estate by reason of being the widow and heir-at-law of James Collins. They further claimed that the sale of the property for non-payment of taxes and the tax deed conveying the property to Hagan did not pass a good title to Hagan in that the proceedings were not in accordance with the provisions of Sections 4149 and 4153 of the Kentucky Statutes. They also claimed that the description in the property of the tax deed was so vague and indefinite as to not sufficiently describe the real estate attempted to be conveyed.

Section 4149, Kentucky Statutes, provides in substance that when a taxpayer becomes delinquent the sheriff shall distrain sufficient personal property of the delinquent, if found in the county, to satisfy the claim. If a sufficient amount of personal property is not found, then he will levy on the delinquent's land. The sale shall be advertised by posting, for 15 days before the sale, a written or printed notice at the courthouse door and by publication once a week for 4 consecutive weeks prior to the day of sale in a newspaper of general circulation, and the sheriff shall, not less than 15 days before the sale, mail to the delinquent a postal card "addressed to his place of residence or place of business if such can be ascertained, notifying him of the time and place of sale." Section 4153, Kentucky Statutes, provides that it shall be the duty of the purchaser to give notice in writing to the owner of the land purchased by him, of such purchase.

The Court of Appeals of Kentucky has held in numerous cases that unless the provisions of the Kentucky Statutes above referred to are complied with the sheriff's sale and subsequent tax deed does not convey a valid title to the purchaser. Miller v. Powers, 184 Ky. 417, 212 S.W. 453. Liter v. Ford, 201 Ky. 686, 258 S.W. 110. Brachey v. Peddicord, 199 Ky. 75, 250 S.W. 511. Sandlin v. Baker, 242 Ky. 645, 47 S.W.2d 55. Smith v. Isom, 257 Ky. 554, 78 S.W.2d 752. Crab Orchard Banking Co. v. Saunders, 174 Ky. 68, 191 S.W. 652. The Sheriff properly advertised the sale by posting the required notice and by publication in the newspaper. While there may be a question as to whether or not the sheriff complied with the Statute in attempting to first levy

on personal property, yet there seems to be no question but that the sheriff failed to comply with that provision of the Statute making it necessary to mail to the delinquent a postal card addressed to his place of residence or place of business if such can be ascertained notifying him of the time and place of sale. No bona fide effort seems to have been made by the sheriff to locate the place of residence or place of business of the delinquent; sending a notice to a post-office nearest to where the land is located, when the land is unimproved, is not a sufficient compliance with this part of the Statute. Failure on the part of the sheriff to mail such notice was one of the reasons why the tax deed in Miller v. Powers, supra, was declared invalid. It is also undisputed that the purchaser Hagan failed to give notice in writing to the owner of the land purchased by him within 50 days after the sale. Such notice should be given as provided by Sections 624 and 625 of the Civil Code of Practice of Kentucky, and the failure to follow these sections of the Code was held to make the sale invalid in Crab Orchard Banking Co. v. Saunders, supra. It follows that the sale of the property for non-payment of taxes on May 2, 1927 was therefore invalid.

■ Anderhub claims that although the sale was invalid, yet Mary Collins and Ethel Collins are now barred from attacking its validity by reason of the provisions of Section 2512a of the Kentucky Statutes, which provides that no action shall be commenced by the owner, his heirs or assigns to set aside a tax deed or to recover the title or possession of such property after 5 years from the time such deed is executed, delivered and lodged for record in the County Clerk's office in the County where the property is situated. Mary and Ethel Collins contend that the Statute of Limitations is not applicable to a case involving a tax deed executed under such conditions as exist in the present case, and their counsel cites the cases of Liter v. Ford, supra, and Miller v. Powers, supra, as holding to that effect. Both of these cases held that the tax deed in question could be attacked after the lapse of five years, and that the Statute of Limitations which was pleaded in the respective cases was not a bar to the claim of the original owner of the real estate. The two cases do not, however, refer specifically to the particular Section of the Kentucky Statutes which is relied upon as a bar, but it appears from the opinion in the case of Miller v. Powers that Section 2519 of the Kentucky Statutes, dealing with fraud or mistake, is the one relied upon. Section 2512a, which is relied upon in the present case, was not enacted until 1930 and as the two cases above referred to were decided in 1919 and in 1924, respectively, they necessarily would not construe Section 2512a. Although the opinion in Miller v. Powers expressly states that such a tax deed may be attacked at any time, yet this ruling of the Court would seem to have been changed by the express provisions of Section 2512a, providing that no action shall be commenced to set aside any such tax deed or to recover possession of the property after 5 years from the time the deed is recorded. There appears to be no decision of the Kentucky Court of Appeals construing Section 2512a. In the absence of such a ruling, this Court is of the opinion that the 5-year limitation provided therein bars the claim of the defendants Mary Collins and Ethel Collins which was not made until their answer and cross-complaint was filed in this action on October 17, 1938, which was more than 5 years after December 7, 1932, the date when the tax deed in question was recorded.

■ Mary Collins and Ethel Collins further claim that the tax deed was not sufficient to confer even a record title upon Anderhub because the description of the property being conveyed was too vague and indefinite. However, it has been held in several cases that where it is possible to identify the property from the description used, even though exact measurements and boundaries are not given, the description is sufficient. Hanly v. Blackford, 1 Dana 1, 25 Am.Dec. 114; Foster v. Roberts, 179 Ky. 752, 201 S.W. 334; Porter v. Porter, 135 Ky. 813, 123 S.W. 302; Steele v. Bryant, 132 Ky. 569, 116 S.W. 755; and Superior Oil Corp. v. Alcorn, 242 Ky. 814, 47 S.W. 2d 973. In the present case the real estate was fenced in and was referred to both by the description and by reference to its former ownership by J. C. Collins. The Court is of the opinion that the description was not too indefinite to identify the property.

It follows that the claim of Mary Collins and Ethel Collins to the land in question should be dismissed and that the defendants William Anderhub and his wife are entitled to the compensation to be paid by the United States for condemnation of the real estate in question.