## Layne et al. v. Ruth Elkhorn Coals et al.

February 6, 1948.

Rehearing denied June 11, 1948.

Joe Hobson for appellants.

Combs & Combs for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This suit was brought by appellants, the heirs of one Lindsey Layne, to recover damages for coal mined by appellees on a tract of land allegedly owned or possessed by appellants, and to obtain an injunction. The trial Court dismissed the petition.

On this appeal appellants make two contentions: (1) they proved title by adverse possession to the land under which appellees carried on mining operations, and (2) if title was not established, they were actually in possession of the land and appellees were trespassers.

In 1866 the Commonwealth of Kentucky issued to Lindsey Layne a patent to a tract of land on the Big Sandy River. In the granting clause the patent described the tract as "containing One-hundred and Fifty acres," but the descriptive clause bounded an area containing approximately 300 acres. At the close of the description appeared the following: "(including 150 acres of prior patented land.)" A 50 acre tract which had been patented at an earlier date to one Benjamin Branham was included within the boundaries. A substantial part of appellees' coal mining operations were on the Branham tract.

The principal contention of appellants was, and is, that they have had adverse possession of the Branham tract under color of title for some 50 years. Appellees admit that a part of this tract had been adversely possessed by Lindsey Layne and appellants, but insist that such possession did not extend to the boundaries of the Branham property and did not extend to the land within those boundaries where appellees had mines.

The evidence indicates that within the Branham boundaries there was a log house, a cow shed, chicken houses, and perhaps a few other small buildings. This house was occupied as a dwelling by tenants or other representatives of appellants or their predecessors from time to time. While there is some vague evidence re-

garding the cultivation of land in the vicinity of the dwelling house, there is no proof that the land on which appellees are alleged to have mined coal was occupied, fenced or otherwise enclosed.

It is apparent that the vital question in the case is whether or not adverse possession of a small portion of the Branham tract constituted adverse possession of the entire tract under color of title because the Branham boundaries were included in the original Layne patent description.

Appellants admit that the Layne patent, insofar as it covered the land described in the prior Branham patent, was void (56.190, KRS) and did not pass any title to land in the Branham tract, but they contend that the Layne patent gave color of title to all land described therein. If such color of title existed, constructive possession would extend to all land within the boundaries, under our decisions in Swift Coal & Timber Co. v. Ison, 231 Ky. 404, 21 S. W. 2d 659; Turner v. Turner et al., 237 Ky. 257, 35 S. W. 2d 289, and Warfield Natural Gas Co. v. Allen, 248 Ky. 646, 59 S. W. 2d 534, 91 A. L. R. 890.

The rule is settled in this state, however, that where certain tracts lying within the exterior lines of a patent are excluded in the patent, the holder of the patent cannot assert color of title to the excluded land; and he must not only show that trespasses were committed within the boundaries of his patent, but must also show that they were committed outside of the excluded tracts. Tennis Coal Co. v. Sackett, 172 Ky. 729, 190 S. W. 130, Ann. Cas. 1917E, 629. As stated in that opinion, 172 Ky. at page 740, 190 S. W. at page 136, Ann. Cas. 1917E, 629; (Our italics and editing). "The appellee relied for title to the lands in controversy upon a patent and deed from which a large number of acres were excluded on account of prior grants or entries and prior sales of portions of the lands embraced within the exterior lines of the patent and deed. It was incumbent upon him to show, by proof, that the lands in which the coals, minerals, etc., which were sought to be recovered were located, were within the exterior boundaries of the deed and patent, *and not embraced by any of the exclusions.* The exclusions, of course, are not embraced in the pat-

ent or deed, and the appellant cannot have any title to the lands embraced by the exclusions.''

See also Madison's Heirs v. Owens, Litt. Sel. Cas. 281, 16 Ky. 281; Hall v. Martin, 89 Ky. 9, 11 S. W. 953; and Le Moyne v. Anderson, &c., 123 Ky. 584, 96 S. W. 843.

Appellants apparently recognize the above principle of law, but insist that the Branham tract was not *excepted* from the Layne patent. We know of no rule which requires a specific provision that lands within a patent are *"excepted."* If the instrument by its terms excludes prior patented land, then the patentee cannot assert a constructive possession under color of title to the excluded portion. In Steele v. Bryant, &c., 132 Ky. 569, 116 S. W. 755, 756, the patent described 140,000 acres of land and concluded with these words: ''plotting out of this survey all lands heretofore surveyed.'' This was recognized as an adequate exclusion.

In the present case, the original Layne patent purported to grant 150 acres and the description included approximately 300 acres. In view of the statement at the end of the description that it included ''150 acres of prior patented land,'' it is clear that the patent did not purport to grant the Branham tract or other areas theretofore granted.

Appellants insist that a deed must be construed against the grantor, and where there is ambiguity and doubt, the deed will be construed most favorably to the grantee. Assuming that this general principle is applicable to grants by the Commonwealth, we do not think the reference to the 150 acres of prior patented land is ambiguous or its meaning doubtful.

We cannot ignore the language used in the patent, as reference to the prior patented land was certainly put in there for some purpose. We cannot assume that the officials of the Commonwealth intended to grant, or appear to grant, lands which were then of record owned by other parties. It is, therefore, our conclusion that the Branham tract was excluded from the Layne patent, and the Layne patent did not give appellants color of title to that property.

The other question raised by appellants does not

require lengthy discussion. They contend that regardless of title, they *actually* possessed the land on which appellees were trespassers. If such fact was proven, their position should be sustained. Eureka Coal & Mineral Co., Southwestern Petroleum Co. and R. Hochstetter v. Johnson, 186 Ky. 134, 216 S. W. 91. We can find, however, no evidence in the record that appellants or their representatives at the time of the alleged trespasses were in actual possession of any lands on or under which appellees were carrying on mining operations.

Since appellants failed to prove title by adverse possession or interference with actual possession, the trial Court properly dismissed their petition.

The judgment is affirmed.